## Ewan, et al. v. Power.

(Decided September 30, 1915.)

### Appeal from Mason Circuit Court.

Contracts—Action to Recover Commission for Sale of Real Estate. —In a suit to recover commission for a sale of real estate by an agent under a contract without a time limit, and, where no revocation was alleged or proven, it was error for the court to submit to the jury the question as to whether the sale was made within the limit fixed by contract, or within a reasonable time after the contract was made.

J. M. COLLINS for appellant.

W. H. REES for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Reversing.

The appellants are partners in the real estate business, and the question here is whether they are entitled to $299.30, 2% commission, for selling a tract of land belonging to appellee. The jury found that they were not, and from the judgment rendered on that verdict they appeal.

In the spring of 1912, Mrs. Power placed her farm near Maysville, with appellants for sale and agreed to give them 2% commission on the amount realized therefor. The selling price was not named nor was any time limit placed on their power to sell. During the month of October, they advertised the land in a daily paper at Maysville. In November they negotiated a sale of Mrs. Emma Stevenson's farm to a Mr. Soward. Some weeks before this sale, they heard that the Stevensons were or might be interested in the Power place. They told Mr. Stevenson that they had the place for sale and would like for him to buy it through them. He said that if they could sell their place they would like to buy the Power place. When the sale of the Stevenson land was made to Soward, appellants again brought up with the Stevensons the matter of buying the Power place. Mr. Stevenson was asked to make an offer, and he proposed $45 per acre. Appellants communicated this to Mrs. Power and she declined to take less than $50 per acre. Several days later Stevenson proposed through appellants to give $47.50 per acre. Mrs. Power declined this also, and insisted that she would not take less than $50 per acre. Soon afterwards, and on being urged by the appellants, the Stevensons consented to make the trade at her price. The terms of sale agreed upon are embodied in the following written contract, prepared by appellants and signed by the parties:

"This agreement made and entered into by and between Mrs. John Powers of Maysville, Mason County, Kentucky, party of the first part, and Mrs. Emma Stevenson of said Mason County, party of the second part: Witnesseth, that for and in consideration of $15,150.00 to be paid as follows: $5,150 to be paid the first day of March, 1913, when a good warranty deed is made, and the balance to be paid in equal payments in 1, 2, 3, 4, and five years from March 1st, 1913, with privilege to pay all of said notes at any interest paying date. Said Mrs. John Powers agrees to convey her 303

acre farm lying near the City of Maysville, and is the same farm owned by her husband in his lifetime; it is agreed and understood that said Mrs. Stevenson is to have all loose locust posts on said land, and she is also to pay taxes for year 1913; and to have all tobacco sticks on said farm; it is further agreed and understood that said second party is to assume all contracts with the tenants on said farm who have rented for the year 1913.

"And said Mrs. Stevenson has this day deposited with T. L. Ewan & Co., the sum of $1,000.00 to bind said trade. Said deferred notes to bear interest at the rate of 6% from date until paid, and lien retained on said land to secure same."

Mrs. Power hesitated about signing this contract, because, as she says, she for the first time discovered that Mrs. Stevenson was the person for whom appellants were negotiating, and also told appellants that she had been negotiating with Mr. Stevenson herself. She said further that Mr. Key, another real estate agent, had been endeavoring to make a sale for her and she did not want to have to pay two commissions. As a matter of fact, Key had been advertising the land in the newspapers, and when the two brokers discovered that they were each advertising the same land, they agreed to continue their efforts to sell, and whichever succeeded would divide his commission with the other. Appellants explained this to Mrs. Power and assured her she would not have to pay any commission to Key. Mrs. Power then said that some time in the summer Mr. Threlkeld, her son-in-law, had taken Mr. Stevenson over the place in an effort to sell it to him, and that he might make a claim for commission if Mrs. Stevenson bought the farm. At appellants' suggestion, she went to the telephone and called for Threlkeld and told him that appellant was there with a contract for sale to Stevenson. She asked his advice about signing the contract, and whether or not he would claim a commission. She concluded the conversation with Threlkeld by saying "All right," and then signed the contract. Mrs. Stevenson paid the $1,000 to appellants. During the winter Mrs. Power arranged to move some of the locust posts mentioned in the contract. Stevenson complained to appellants about this. They at once went to see Mrs. Power and on being reminded of the provision of the contract she recognized Stevenson's right and ceased moving them. In April following, the deed was made, the money paid, and notes executed ac-

cording to the contract. But it seems that appellants had no hand in this part of the transaction, in fact, they had no notice of it. However, they heard of it soon after the Stevensons had their deed from Mrs. Power recorded. Appellants then sent to Mrs. Power their check for $700.70, that being the balance of the earnest money placed in their hands by the Stevensons, after deducting $299.30, which was, as all agree, 2% of the actual purchase price. The check was written so that its acceptance by Mrs. Power would be a full satisfaction. For this reason, she returned it. In August, 1913, Mrs. Power brought this suit to recover $1,000 of appellants. Appellants answer and set up the agency contract already referred to, and their sale of the land and acceptance of their services by Mrs. Power. They admitted that they held in their hands $700.70 belonging to Mrs. Power, and averred that they had theretofore offered, and had always been willing to pay, but she would not accept it, and they then asked permission to and did pay it into court. By reply she admits the agency contract, and the agreement to pay 2% commission, and the sale of her farm, but says that appellants procured her signature to the contract for sale to the Stevensons by fraudulently concealing from her "the name and identity of the prospective purchaser," and that when said contract was presented to her they falsely represented to her "that said Emma Stevenson and the person with whom this plaintiff had made a conditional sale on said date stated in the petition herein were not one and the same person."

There is no proof in support of either of these allegations. It is true, that while appellants were submitting the several propositions of Mrs. Stevenson they did not disclose the name of the purchaser, but when the contract of sale was presented to Mrs. Power, Mrs. Stevenson was named therein as the purchaser, and Mrs. Power admits that she fully understood it. In fact, she complained to appellants that it was the same person with whom her son-in-law, Mr. Threlkeld, had negotiated and entertained hopes of selling to. There is no proof of any misrepresentation as to the identity of Mrs. Stevenson. The reply further charges that appellants were acting as the agent of Mrs. Stevenson and against the interests of Mrs. Power, and that appellants never rendered any services to her in the way of procuring a purchaser or consummating the sale. There is no proof in support of any of these allegations. There is not an intimation in the evi-

dence that the appellants expected to, or received any compensation from the Stevensons, and it appears that they fairly and promptly communicated the several propositions between the parties relative to the 'purchase and sale. As to the rendition of services, the contract of sale speaks for itself. The services were rendered and Mrs. Power accepted the benefit of them.

The court submitted the case to the jury and predicated a recovery for the real estate brokers upon condition that they rendered service and brought about the sale, *and that this was done within the time limit fixed by the contract, if any, and if not then within a reasonable time after the making of the agency contract.* We are of opinion that the court erred in this regard. Although Mrs. Power's son-in-law may have conducted some negotiations with Mr. Stevenson with reference to this farm, the proof shows they were never concluded. It stands admitted that the appellants negotiated the sale and their services were accepted by Mrs. Power, and, with her consent, as stipulated in the contract, the $1,000 as earnest money was deposited with them for completion of the trade. She understood at the time she signed the contract that the appellants were entitled to the commission, for she was careful to see that any claim for commission was waived by all others who had been acting as agent for her. There is not an intimation in the pleadings or proof of a revocation, or that there was a time limit in the contract, and, even if there had been, Mrs. Power would be estopped now to rely upon it, because she accepted their services and contracted with the purchaser proposed by them, and made the deed in accordance with their negotiations. In our opinion under the pleadings and proof there was no question to submit to the jury. The appellants are entitled to the commission claimed, and the court should have peremptorily instructed the jury to that effect.

The case is reversed for proceedings consistent herewith.