## Reedy v. Beauchamp.

May 11, 1948.

Gladstone Wesley for appellant.

John M. Perkins for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SIMS—Affirming.

The plaintiff, Charles Reedy, instituted this action against the defendant, Paul Beauchamp, to recover a $700 commission on a real estate sale the petition alleged he made under a contract with defendant whereby the latter agreed to pay him 5% of the amount for which he sold the property. The trial resulted in a verdict in favor of defendant and plaintiff insists that the judgment entered thereon should be reversed because the court erred in: 1. Not directing the verdict in his favor; 2. giving erroneous instructions; 3. permitting defendant to plead inconsistent defenses.

There is no controversy as to the amount of the commission and it is admitted that the property was actually sold, but the difference between the parties is whether or not the sale was made during the life of the contract. It is plaintiff's contention that he had an unlimited time within which to sell the farm, while defendant insists that plaintiff had only until Sept. 15, 1946, to make the sale, but the farm was not sold until Sept. 30, 1946.

Defendant owned a farm in Pulaski County and testified that in the summer of 1946 he made orally a "blanket proposition" that he would pay a commission of 5% to any person who sold the farm for $15,000 before Sept. 15, 1946. Plaintiff, a real estate broker, ad-

mits this was the contract, except he testified there was no limit on the time within which he was to produce a purchaser. Each supported his contention with respectable proof and a direct issue was made for the jury, which decided in favor of defendant.

The purchaser produced by plaintiff was R. R. Barnes, then a resident of Harlan County. He took Barnes to see the farm sometime in July, but the latter would not agree to pay $15,000 for the property. Some two or three weeks thereafter plaintiff again took Barnes, this time accompanied by Mrs. Barnes, to see the farm, and again Barnes and defendant failed to agree upon the price. Sam West, who was in the real estate business but had no connection with plaintiff, wrote Barnes if he would come back, he could buy the property. West did not remember whether this letter was written before or after Sept. 15th.

Barnes returned about Sept. 29th, went out to the farm without plaintiff and bought it for $14,000. Defendant testified he announced early in September that when the contract for the sale of the farm expired on Sept. 15th, the price of the place would be $14,000 net to him. He further testified that he had not purposely postponed the sale until after Sept. 15th to keep from paying plaintiff a commission. The fact that he did not get his first price of $15,000 seems to support defendant on this point. He is further supported by the testimony of Barnes that he would not agree to pay $15,000 because he was endeavoring to buy the place cheaper.

Plaintiff insists the rule is, if the seller accepts the purchaser the broker produces and sells the property either on the original or modified terms, then he is liable for the commission, even though the owner and not the broker concluded the sale, citing such authorities as Talbott v. Treacy, 213 Ky. 8, 280 S. W. 153 and Brooks v. Tipton, 298 Ky. 490, 183 S. W. 2d 496. This is the correct rule. He further contends that even had the time limit expired, the owner would be estopped to deny liability for the commission where the sale was within a reasonable time after the expiration, since the owner accepted the broker's services, citing Ewan v. Powers, 165 Ky. 806, 178 S. W. 1092. However, there was no time limit in the contract in the Ewan case, and in the

instant case the sale was not made at the contract price of $15,000 but an entirely different contract became effective on Sept. 15th according to defendant, hence the Ewan case is not controlling here.

The instant case is controlled by C. Robert Peter & Co., v. Fix, 225 Ky. 198, 7 S. W. 2d 1040, where it was said that if the owner and broker have a time limit in their contract covering the sale of the property, then the broker to earn his commission must make the·sale within that time limit. Should the broker .fail to sell within the time limit and the owner thereafter sell to a prospective purchaser produced by the broker, the owner is not liable for the commission unless he deferred the sale until after the time limit with the intention and purpose of circumventing the broker's right to the commission.

It is patent from the resume we have given of the conflicting evidence that the plaintiff was not entitled to a directed verdict.

The first instruction told the jury in substance if they believe the contract of employment required plaintiff to procure a sale by Sept. 15, 1946, and if he failed to make a sale by that date, then they should find for the defendant. The second instruction in substance told the jury if they believe the contract did not contain a time limit and that the plaintiff procured a sale of the farm in pursuance to the contract, then they should find for the plaintiff. These instructions fairly submitted the contentions of the respective parties and are correct. A superfluous third instruction was given to the effect that if the jury believe the defendant sold the farm without the help or assistance of plaintiff rendered under the contract of employment between them, then the law was for the defendant. While this instruction was entirely unnecessary and there was no reason to give it, it was not prejudicial to plaintiff.

The answer denied there was any contract by which defendant agreed to pay a commission to plaintiff. By an amended answer defendant admitted there was a contract between the parties by which he agreed to pay the commission if the sale was made on or before Sept. 15, 1946, but that plaintiff produced no purchaser by that date. The court overruled plaintiff's motion to re-

quire defendant to elect and he insists that this is reversible error. Really, the amendment was a substitute pleading wherein defendant withdrew his defense of no contract and pleaded a contract whereby plaintiff had until Sept. 15th to make a sale, which the amendment averred he failed to do and that defendant owed plaintiff no commission. All of defendant's proof was directed at the issue made by the amended answer and none of it at the issue made in his original answer. So it is seen defendant in effect made the election himself and chose to present the defense pleaded in his amendment.

For the reasons given, the judgment is affirmed.