**TEC CORPORATION et al.,
Plaintiffs-Appellants,**

v.

**NUCLEAR DYNAMICS, INC.,
Defendants-Appellees.**

No. 75–1081.

United States Court of Appeals,
Sixth Circuit.

July 1, 1975.

William G. Craig, Sandidge, Holbrook, Craig & Hager, Owensboro, Ky., for plaintiffs-appellants.

C. Kilmer Combs, Kelsey E. Friend Law Firm, Pikeville, Ky., for defendants-appellees.

Before CELEBREZZE, PECK and McCREE, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment holding Appellee not liable to pay a commission or finder's fee to Appellants. Appellants argue that they are entitled to a commission based upon an agreement of September 3, 1971. This agreement stated that if Appellee purchased certain coal property from Potter and Walters Coal Company, Appellants TEC

---

Corporation, Louis Egan, and Robert Barbre would receive from Appellee $75,000, $25,000, and $25,000 respectively. The agreement stated, however,

> Such payment shall become due and payable only in the event that (and at the time that) [Appellee] shall exercise its option to purchase under the terms of a certain option to be dated September 9, 1971. . . .

This option expired on October 15, 1971, no sale having been consummated at that time.

On November 8, 1971, Appellee signed a contract directly with Potter and Walters to buy the property, subject to available financing. The purchase was on different terms from those stated in the September 9 option, as the District Court's first opinion in this matter describes. 364 F.Supp. 1165, 1167 (E.D.Ky. 1973). When the sale was completed, Appellants demanded payment of a fee based on the September 3 agreement. Appellees refused, on the ground that the September 3 agreement lost its effect when the September 9 option expired.

The District Court denied cross-motions for summary judgment on September 18, 1973. It found Kentucky law, which governs this diversity case, to be as follows:

> The "procuring cause" doctrine has been established law in Kentucky for many years; and, generally, where the seller is responsible for an agent's commission, a sale satisfactory to the owner, even if made on altered terms, will not defeat the agent's claim for commission. *Hamilton v. Taylor,* Ky., 249 S.W.2d 730, 731 (1952); Brooks v. Tipton, 298 Ky. 490, 183 S.W.2d 496 (1944). A significant difference arises where specific written conditions exist between the parties. Where an agreement, specific in its terms as to the conditions which must occur before a commission is to be paid and is not fulfilled as to the specific conditions, [sic] the agent's claim will be denied,

*Bass v. Foster,* Ky., 476 S.W.2d 181 (1972); *Reedy v. Beauchamp,* 307 Ky. 409, 412, 211 S.W.2d 393 (1948); *C. Robert Peter & Co. v. Fix,* 225 Ky. 198, 7 S.W.2d 1040 (1928), unless there is evidence of an intention to deal around the broker and defer the sale until a time in which the circumstances could not occur with an intent to circumvent the broker's right to his commission.

Without hesitation this Court would hold the rule in Kentucky where a buyer is responsible for the commission to be that the buyer is entitled to the purchase on the terms made by the broker before liability for payment of the commission arises, unless there is evidence of bad faith in the failure to purchase, whatever the reason, on those terms. *Bass v. Foster, Id.,* at 182, 183. It is equally clear that where a material question involving the state of mind of the parties arises, the matter cannot properly be disposed of by Summary Judgment. *Riley-Stabler Construction Co. v. Westinghouse Electric Corporation,* 401 F.2d 526, 527 (5th Cir. 1968).[1]

This states Kentucky law "as we believe the [Kentucky Court of Appeals] would state it, if it had the opportunity to do so in this case." *Glinsey v. Baltimore & O. R. R.,* 495 F.2d 565, 567 (6th Cir. 1974). Indeed, the District Court's statement is compelled by a similar expression of the Kentucky Court of Appeals in *Reedy v. Beauchamp,* 307 Ky. 409, 211 S.W.2d 393, 394 (1948):

> [I]f the owner and broker have a time limit in their contract covering the sale of the property, then the broker to earn his commission must make the sale within that time limit. Should the broker fail to sell within the time limit and the owner thereafter sell to a prospective purchaser produced by the broker, the owner is not liable for the commission unless he deferred the sale until after the time limit with the intention and purpose of circumvent-

---

1. 364 F.Supp. at 1167.

ing the broker's right to the commission.

*See also Bass v. Foster,* 476 S.W.2d 181 (Ky.1972).

The September 3 agreement on which Appellants base their claim explicitly conditions payment on Appellee's purchase of the coal property "under the terms of a certain option to be dated September 9, 1971." Accordingly, the only basis for recovery would have been a showing that Appellee deferred the purchase until after the option expired "with the intention and purpose of circumventing the broker's right to the commission." This state of mind was described by the District Court as "bad faith," and it gave Appellants the opportunity to prove that Appellee acted in bad faith in delaying its purchase until after the option had expired.

Based on the results of a hearing, along with depositions and exhibits submitted as evidence, the District Court found that Appellee had not acted in bad faith. On the contrary, the District Court found that Appellee "diligently attempted to secure financing for the purchase of the coal properties under [Appellants'] option." [2] When the option expired on October 15, "no effort was made by [Appellants] to secure any further interest in the properties. [Appellants], in fact, did nothing." Appellee nonetheless attempted to obtain an additional extension of the option, but was unable to do so.

The eventual purchase was attained when Appellee, with the assistance of Mr. Iley Browning, discovered that Potter and Walters might be interested in selling their property on a cash plus stock basis, rather than the cash basis arranged in part by Appellants. The November 8 sale contract thus embodied terms different both in nature and in amount from the September 9 option agreement. During the period between October 15 and November 8, the District Court found "not even the slightest inference of bad faith." Rather, Appellee and Potter and Walters were able to for-

mulate a contract on different terms from the prior arrangement that had failed because of Appellants' good-faith inability to secure financing. An inference that Appellee's agreement to pay Browning a commission on the actual purchase shows Appellee's bad faith was rebutted by evidence that Browning had rendered substantial service as a geologist and that Appellee wanted to use Browning's "influence" in regard to other Kentucky properties.

Based on the record, which we have carefully read, we cannot say that the District Court's findings are clearly erroneous. We find, rather, that they are compelled by the evidence.

The Judgment of the District Court is affirmed.

---

2. *TEC Corp. v. Nuclear Dynamics, Inc.,* 397 F.Supp. 702 (E.D.Ky., Pikeville Div., 1974).