Mary EITEL

v.

Lafayette G. OWEN.

No. 2007–CA–002164–MR.

Court of Appeals of Kentucky.

Sept. 19, 2008.

Discretionary Review Denied by
Supreme Court June 17, 2009.

Dennis R. Carrithers, Louisville, KY, for appellant.

Bert M. Edwards, Louisville, KY, for appellee.

Before LAMBERT, STUMBO, and THOMPSON, Judges.

*OPINION*

LAMBERT, Judge.

Mary Eitel appeals the entry of summary judgment and denial of a motion to vacate entered by the Jefferson Circuit Court regarding a real estate fee she sought from Lafayette Owen. After careful review, we affirm.

Lafayette Owen (hereinafter Owen) contracted with Mary Eitel (hereinafter Eitel) to sell his Oxford Hill Apartment complex in Jefferson County, Kentucky. On August 20, 1993, the parties signed a listing agreement which expired October 31, 1993. On September 7, 1993, Eitel obtained a written offer to buy the property from Robert Emig and Robert Rogers for the price of $1,000,000.00. Owen counter offered $1,060,000.00 on the same day. The buyers rejected the counter offer and at the conclusion of the contract period the property remained unsold.

After the expiration of the contract, Owen began advertising the property on his own. Robert Emig and Robert Rogers contacted him on their own, and he was not aware they had previously made an offer on the property. On August 1, 1994, Owen entered into a contract with Robert Emig and Robert Rogers for $ 1,050,-000.00, which included the sale of some personal property on the premises. Eitel claims that Owen received $50,000.00 more from the proceeds of the sale because he did not have to pay her a commission.

Eitel filed a complaint on October 31, 2006, to recover the value of her services in locating the ultimate buyers of the property. Her complaint sought recovery on several grounds: as the procuring cause for the sale based on the listing contract; under a theory of unjust enrichment for the value she created in marketing the property; and under a theory of restitution for the value of her services. Owen filed a motion for summary judgment, which was initially overruled on May 14, 2007. Owen filed a second motion which the court granted on July 12, 2007, after the parties had briefed the issues. Eitel filed a motion to vacate, and the court entered an order overruling the motion on October 24, 2007. Eitel now appeals.

"The standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky.App.1996); CR 56.03. We are mindful that "[t]he record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky.1991).

On appeal, Eitel argues that she was the procuring cause for the sale because she located the buyers that ultimately purchased the property, that she sufficiently alleged bad faith to surpass summary judgment, and that a trial was warranted.

In Kentucky, the general rule is that a "real estate broker is entitled to a commission where he has been the procuring cause of sale, even though the owner enters into negotiations with the person so procured and consummates the sale." *Mayo v. Century 21 Action Realtors, Inc.*, 823 S.W.2d 466, 468 (Ky.App.1992). However, where a definite time is specified in the listing agreement, the broker may only recover a commission (1) if the sale occurs within the specified period or (2) if there is evidence that the owner "deferred the sale until after the time limit with the intention and purpose of circumventing the broker's right to the commission." *Reedy v. Beauchamp*, 307 Ky. 409, 211 S.W.2d 393, 394 (1948). The trial court found that Eitel was only entitled to a commission if the sale occurred before the expiration of the agreement on October 31, 1993, or if a sale occurred within the one month extension period ending November 30, 1993. The court found that the sale occurred well after the expiration of these specified times. The court then found that Eitel had failed to produce any affirmative evidence that Owen intentionally deferred the sale to circumvent Eitel's right to a commission and thus that no bad faith existed.

A careful review of the record does not reflect that Owen intentionally deferred the sale of the property to avoid paying Eitel a commission. Owen's affidavit, which was not contradicted by Eitel, establishes that he acted in good faith. In fact, it was the buyers who rejected Owen's counter offer under the original agreement and who later made another offer, which

was accepted. Had Owen rejected all offers or delayed acceptance until immediately after the expiration of the listing agreement, bad faith might be established. However, that is not the case here. As it stands, we find that the trial court correctly determined that no bad faith existed and the purchase of the property did not fall within the listing agreement expiration period. Accordingly, summary judgment was proper.

For the foregoing reasons, the decision of the Jefferson Circuit Court is affirmed.

ALL CONCUR.