STORMONT, ADMR., APPELLANT, *v.* THE NEW YORK CENTRAL RD.
CO., APPELLEE.

[Cite as Stormont v. New York Central Rd. Co., 1 Ohio App. 2d 414.]

(No. 7474—Decided July 14, 1964.)

*Mr. Russell H. Volkema,* for appellant.
*Messrs. Wilson & Rector* and *Mr. Harrison W. Smith, Jr.,* for appellee.

FESS, P. J.   This cause is here on appeal on questions of law from a judgment in favor of the defendant railroad entered upon a verdict of the jury directed by the Common Pleas Court at the conclusion of plaintiff's evidence upon the ground that the evidence adduced disclosed that plaintiff's decedent was guilty of negligence as a matter of law proximately contributing to his injury and death.   The principal error assigned is that the trial court erred in directing the verdict for the defendant.   Evidence was adduced tending to show that the view of the decedent to his left and to the west as he approached the railroad crossing from the south was obscured by dead weeds or brush to a height of from three to six feet within the right-of-way.[1]

---

1.   Part of this evidence consisted of photographs, taken by an inexperienced photographer on a dark and misty morning the day following the accident, which were underexposed to such an extent that they obviously did not accurately reflect but distorted the conditions surrounding the crossing at the time of the collision.   As a general rule, photographs are admissible in evidence when they appear to have been accurately taken, and are proven to be a correct representation of the subject, which itself cannot be produced, and are such as to throw light upon a disputed point.   *Hoover* v. *Turner, Admr.,* 42 Ohio App. 528; 21 Ohio Jurisprudence 2d 532.   Accordingly, the receipt of photographs in evidence, which have been accurately taken and sufficiently verified, is within the sound discretion of the court, although such discretion should not be exercised arbitrarily.   *Cincinnati, Hamilton & Dayton Ry. Co.* v. *De Onzo,* 87 Ohio St. 109; *Hartford Fire Ins. Co.* v. *Cincinnati Ice Manufacturing & Cold Storage Co.,* 9 Ohio App. 403.   During the course

Such evidence was inconclusive as to the existence of such weeds or brush within the right-of-way. But notwithstanding the greater weight of the evidence adduced upon cross-examination was to the effect that no such weeds or brush were within the right-of-way, in our opinion a question for the jury (aside from the objectionable photographs) as to their existence within the right-of-way was presented. Nevertheless, upon the assumption that there was such limited obscuration of decedent's view, it was not such as would prevent the decedent from seeing the approach of the train by reason of the burning of two 280,000 candlelight headlights had he complied with the rule requiring him to exercise his sense of sight as he approached the crossing.

The rule is firmly established in Ohio that the driver of a motor vehicle, about to pass over a railroad grade crossing on a public highway, must exercise his senses of sight and hearing to discover whether trains are also about to pass over such crossing, and such exercise of the senses must be made at such time and place as to be effective for that purpose. *Detroit, Toledo & Ironton Rd. Co.* v. *Rohrs,* 114 Ohio St. 493; *Toledo Terminal Rd. Co.* v. *Hughes,* 115 Ohio St. 562; *Ballmer, Admx.,* v. *Pennsylvania Rd. Co.,* 59 Ohio App. 221 (inferentially approved in *Patton, Admx.,* v. *Pennsylvania Rd. Co.,* 136 Ohio St. 159); *Patton, Admx.,* v. *Pennsylvania Rd. Co., supra*; *Boles* v. *Baltimore & Ohio Rd. Co.,* 168 Ohio St. 551. Cf. *Toledo Terminal Rd. Co.* v. *Seaway Excurson Lines, Inc.,* 173 Ohio St. 148; *Continental Baking Co.* v. *Pennsylvania Rd. Co.,* 87 Ohio App. 505.

Failure of a motorist to comply with the rule constitutes contributory negligence as a matter of law and defeats recovery notwithstanding the railroad is guilty of negligence, and where the danger at a crossing is increased by conditions obstructing the vision, greater than ordinary care or caution is imposed upon the driver about to pass over such crossing. *Baltimore & Ohio Rd. Co.* v. *McClellan, Admx.,* 69 Ohio St. 142, 157, 159; *Toledo Terminal Rd. Co.* v. *Hughes,* 115 Ohio St. 562; *Pennsylvania Rd. Co.* v. *Rusynik,* 117 Ohio St. 530, 536; *Woodworth,*

---

of the trial the court remarked: "I have already admitted them into evidence, but I must confess they are the most confusing, unsatisfactory pictures that I have ever seen, and I have seen a lot * * *. These pictures leave so much to be desired." In our opinion, such photographs should not have been admitted over objection of the defendant.

*Admx.*, v. *New York Central Rd. Co.*, 149 Ohio St. 543. In cases where a party testifies that he looked and listened but did not see or hear an approaching train, the doctrine of incontrovertible facts is applied in determining that the looking and listening were not at a time and place and in such manner as to be effective. *Toledo & Indiana Rd. Co.* v. *Yhalkee*, 51 Ohio App. 378. The presumption of due care with which the law invested plaintiff's decedent, means no more than that if he were alive and could testify he would say he did the things ordinary care required him to do. *Ballmer, Admx.*, v. *Pennsylvania Rd. Co., supra* (59 Ohio App. 221). We do not agree with the contention of the defendant that the principle announced in *Gedra* v. *Dallmer Co.*, 153 Ohio Ohio St. 258, 17 A. L. R. (2d) 453, and *Fitzsimmons* v. *Loftus*, 107 Ohio App. 547, is to be applied in the instant case to impose the burden upon the plaintiff to exclude contributory negligence as a cause of decedent's death, but when the presumption of exercise of due care on the part of the decedent is overcome by evidence of circumstances such as failure to look for the approach of the train at a time and place to be effective, and when such inference of negligence arises, the burden is cast upon the plaintiff to rebut such inference, and if he fails to do so the court may instruct the jury to return a verdict for the defendant. *Hall, Admx.*, v. *New York Central Rd. Co.*, 111 Ohio App. 5.

Counsel for the plaintiff contends that the above rule is inappropriate to the facts presented in the instant case because the evidence tends to show that the view of the decedent to his left as he approached the crossing was obscured by brush six feet in height upon the right-of-way of the defendant, and he relies on *Biery, Admx.*, v. *Pennsylvania Rd. Co.*, 156 Ohio St. 75. In our opinion, the facts in the *Biery case* are quite different from those presented in the instant case. In *Biery*, evidence was adduced by plaintiff that a brush pile (the height of which is not indicated in the opinion), approximately 150 feet north of the tracks and east of the crossing, and a signal tower and a tool shed, used by the defendant in the operation of its railroad and between 1100 and 1200 feet east of the crossing, obscured the view of the main tracks to the east, and also that a switch engine was standing on a track to the north of the main track and about 150 feet east of the crossing emitting steam which

was blown south over the main track and totally obscured the driver's view along the main track to the east. The accident occurred in the daytime and apparently no headlight was burning.[2]

In the instant case the burden was upon the plaintiff to show that the view of the decedent driver to the west was obstructed to such an extent as to prevent his seeing the approach of the train immediately before he drove upon the track. The uncontradicted evidence revealed that a driver approaching the track at a point within which he could have stopped and looked would have a clear and unobstructed view of the headlight of the locomotive at a distance of over 1000 feet west of the crossing. It was dark and the beams of the 280,000 candlepower twin headlights were observed by one of plaintiff's witnesses through a window on the second floor of her residence located approximately 600 feet east of the crossing and a few feet north of the track. The witness testified that she could not see the train but estimated that when she first observed the headlight the train was crossing the Big Walnut Creek bridge which was over 1000 feet west of the crossing and over 1800 feet from her home. Even though the brush along the right-of-way was six feet high, had decedent as he sat in the driver's seat of his

2.  a. After the decision in *Smith, Exr.,* v. *Toledo & Ohio Central Rd. Co.,* 133 Ohio St. 587, was announced in 1938, considerable doubt was aroused as to whether the *Rohrs, Rusynik* and *Hughes* cases had been overruled or modified. In *Patton* v. *Pennsylvania Rd. Co., supra* (136 Ohio St. 159), apparently the Court of Appeals for Marion County followed the *Smith case* but certified conflict with *Ballmer, Admx.,* v. *Pennsylvania Rd. Co.,* 59 Ohio App. 221. In *Patton,* without reference to the *Smith case,* the court approved and followed the *Rohrs, Rusynik* and *Hughes* cases and thus settled the confusion arising from the *Smith case.*

b. Again some question resulted from the decision in *Biery, Admx.,* v. *Pennsylvania Rd. Co.,* 156 Ohio St. 75, in which the jury was directed to return a verdict for the defendant which was affirmed by the Court of Appeals. The Supreme Court reversed on the ground that a jury question was presented and again referred to the *Smith case* among several others in its opinion, p. 79. Upon appeal of the judgment for the plaintiff in the *Boles case,* two members of the Court of Appeals were persuaded to affirm the judgment upon authority of the *Biery case.* The dissenting member relied on the *Rohrs* and *Patton cases.* The Supreme Court reversed and entered final judgment for the railroad and again approved and followed *Rohrs* and *Patton* without mentioning the *Biery case.*

truck stopped and looked or even looked without stopping he could not have failed to observe the headlight of the approaching train.

The evidence also fails to show that the crossing in question was exceptionally dangerous. *Railway Co.* v. *Schneider*, 45 Ohio St. 678; *Weaver* v. *Columbus, Shawnee & Hocking Ry. Co.*, 76 Ohio St. 164, 176; *Reed, Admr.*, v. *Erie Rd. Co.*, 134 Ohio St. 31, 34; *Capelle* v. *Baltimore & Ohio Rd. Co.*, 136 Ohio St. 203; *Woodworth, Admx.*, v. *New York Central Rd. Co.*, 149 Ohio St. 543, 551; *Hood, a Minor*, v. *New York, Chicago & St. Louis Rd. Co.*, 166 Ohio St. 529. Cf. *Tanzi* v. *New York Central Rd. Co.*, 155 Ohio St. 149, 24 A. L. R. 2d 1151; *Biery, Admx.*, v. *Pennsylvania Rd. Co.*, 156 Ohio St. 75. There was adequate warning of the existence of a railroad crossing consisting of two cross-buck signs at the tracks, a red reflector warning sign on the driver's right as he approached the crossing and the usual R X R painted sign on the highway.

It is therefore concluded that the trial court did not err in directing the jury to return a verdict for the defendant.

Plaintiff also assigns as error that the court erred in disallowing a witness to relate certain admissions against defendant's interests and as part of the *res gestae*. Plaintiff proffered evidence of a witness to the effect that crew members of the train admitted to the witness at the time a telephone call was made immediately after the accident, that the crossing was extremely hazardous and dangerous and was in fact a death trap. Such testimony was neither admissible as part of the *res gestae* nor were such employees qualified to bind the company by way of such an admission. Such assignment of error is not sustained.

Prior to the trial, plaintiff took the deposition as upon cross-examination of the engineer of the train involved in the collision, who was a resident of Marengo, Ohio, and not a resident of Franklin County, although on occasions he was accustomed to operate engines of the defendant through Franklin County. Apparently at the suggestion of the trial court, plaintiff's counsel made an effort to subpoena such engineer at the general office of the defendant in Columbus, Ohio, which subpoena was returned by the Sheriff "Not found." Inasmuch as the evidence was unrebutted that such engineer was a nonresident of Franklin County the court erred in denying plaintiff the

420

right to introduce and read such deposition at the trial. However, in view of our finding that plaintiff's decedent was guilty of contributory negligence, such error becomes immaterial although sustained.

It is unnecessary to discuss whether plaintiff's evidence supports his allegations of negligence other than to say that sufficient evidence was adduced to present questions for the jury upon the issues of failure to sound bell or whistle and with respect to speed of the train in violation of the ordinance of the city of Columbus.

In conclusion, the judgment of the Common Pleas Court is affirmed and the cause remanded thereto for execution for costs.

*Judgment affirmed.*

FESS, P. J., BRYANT and MCLAUGHLIN, JJ., concur.

FESS, P. J., of the Sixth Appellate District, and MCLAUGHLIN, J., of the Fifth Appellate District, sitting by designation in the Tenth Appellate District.