Lexie STOLER, guardian of George T. Robison, an incompetent person, Plaintiff-Appellant,

v.

PENN CENTRAL TRANSPORTATION COMPANY, Defendant-Appellee.

No. 76–1558.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 13, 1978.

Decided Sept. 18, 1978.

Charles A. Kennedy, Kauffman, Eberhart, Cicconetti & Kennedy, Wooster, Ohio, for plaintiff-appellant.

John G. Cardinal, Donaldson, Colgrove, Cardinal & Freed, Painesville, Ohio, for defendant-appellee.

Before PHILLIPS, Chief Judge, and KEITH and MERRITT, Circuit Judges.

MERRITT, Circuit Judge.

In this railroad accident case, the District Court directed a verdict for the railroad. We reverse and remand for a new trial.

## I.

The appeal arises from a nighttime collision on September 8, 1972, between a freight train and a car at a rural railroad crossing in Ohio where the tracks run east and west and the road runs north and south. A locomotive coming from the east struck the driver's side of a car occupied by two married couples which was coming from the north. The locomotive and the car came to a halt approximately three-tenths of a mile down the tracks from the point of impact at the intersection. The couple in the back and the woman driving the car were killed. The male passenger in the front seat survived but is now unable to function physically and mentally in a normal way and is lodged in a mental institution. The suit is brought against the railroad on behalf of this survivor.

The theory of the plaintiff's case is that the railroad's negligent failure to maintain proper signs or signals warning nighttime travelers of the crossing created a dangerous trap for the unwary nighttime driver. Three photographs contained in the supplemental appendix show three daytime views looking from the road toward the tracks in the same direction as the car was traveling. The photographs from 700 feet north of the tracks show a small warning sign at that point, painted to luminously reflect a car's headlights at night. The two pictures from 135 feet show trees and bushes which would partially obstruct a driver's view of an oncoming locomotive as he approached the intersection. The evidence also shows that the railroad crossbuck sign at the intersection was in a slightly damaged condition and was not illuminated at the time of the accident.

On appeal, the plaintiff complains that the trial court erroneously (1) ruled as a matter of law that the crossing was not hazardous or unsafe, (2) refused to allow plaintiff to prove prior accidents at the same crossing, (3) refused to allow a civil engineer experienced in the design of rail crossings to state his opinion that this crossing was hazardous, and (4) withdrew the case from the jury and directed a verdict for the railroad. Plaintiff also contends that defendant was negligent per se in failing to observe an Ohio statute requiring railroad warning signs erected after 1958 to be reflectorized.

## II.

The record does not support plaintiff's negligence per se argument. Ohio Code § 4955.33[1] requires that crossbuck signs erected or replaced at crossings after January 1, 1958, be painted so as to be luminous at night. Signs erected before that date need not be luminous. There is testimony from the county road supervisor that the crossbuck signs at this crossing were not luminous before the accident, but there is no evidence about when the signs were erected. In order for the case to go to the jury on the question of negligence per se, plaintiff must introduce some evidence from which a reasonable inference could be drawn that the sign in question was erected after the date contained in the statute.

---

1. Ohio Rev.Code Ann. § 4955.33 (Baldwin Cum.Supp.1977).

### III.

We agree with the District Court that there was no evidence introduced to indicate that the railroad was negligent in failing to keep a proper lookout, sound warning signals, or comply with minimum state standards in regard to posting signs at the intersection. Despite compliance with statutory standards, however, a railroad may be required under Ohio law to take additional precautions beyond those imposed by statute, if conditions at the crossing are sufficiently dangerous. See *Arrasmith v. Pennsylvania Railroad*, 410 F.2d 1311 (6th Cir. 1969); *Hood v. New York, Chicago & St. Louis R. Co.*, 166 Ohio St. 529, 144 N.E.2d 104, 106 (1957); *Stormont v. New York Central Rd. Co.*, 1 Ohio App.2d 414, 205 N.E.2d 74 (1964); *Easterwood v. New York, Chicago & St. Louis R. Co.*, 108 Ohio App. 425, 162 N.E.2d 487 (1958); *Gigliotti v. New York, Chicago & St. Louis R. Co.*, 107 Ohio App. 174, 157 N.E.2d 447 (1958).

This "extra hazardous" rule in Ohio is consistent with traditional tort principles which hold a defendant liable for the reasonably foreseeable consequences of his actions. If the defendant knows or should know that a particular crossing is especially dangerous, then failure to take appropriate safety measures might constitute negligence. On the other hand, if a reasonably prudent man under the same circumstances would not, in the exercise of reasonable care, anticipate the danger to motorists and install other warning signals, the law will not hold him liable for failure to take the added precautions.

Photographs of the site of the accident which were taken three days after the collision (Appellee's Supplemental Appendix) well illustrate plaintiff's argument that trees and shrubbery along the railroad might have prevented the driver of the automobile from seeing the oncoming locomotive until it was too late to avoid the accident. The photograph, labeled Joint Exhibit 7, clearly shows that from a point on the highway 135 feet north of the tracks, the view of the tracks to the east is partially obscured by trees and bushes. We believe that reasonable minds could conclude from this evidence that the railroad should have installed additional warning devices at the intersection because of the foreseeable danger to motorists. Regardless of whether we would find this an extra hazardous crossing, there is sufficient evidence on this question at least to permit the issue to go to the jury. From these photographs, a jury might reasonably conclude that the crossing was so obstructed by trees and bushes that it was more dangerous than the usual rural crossing.

### IV.

The District Court also erroneously refused to consider or admit evidence of prior accidents at the same crossing. As this Court said in a similar railroad crossing accident case in 1914, *Evans v. Erie R. Co.*, 213 F. 129, 133: "The rule is well settled in the federal courts that testimony of other accidents in the same place is admissible not only to show the dangerous character of the place, but also that knowledge thereof was brought to the attention of those responsible therefor." This principle has been applied in many other railway accident cases. *E. g., Illinois Central R. Co. v. Sigler*, 122 F.2d 279, 284 (6th Cir. 1941); 2 *Wigmore, Evidence* § 458 (3rd ed. 1940); see cases cited in 66 *West's Fed. Prac. Dig.*, "Railroads," § 347(4) (1978).

The record before us does not disclose the nature of the prior collisions at this intersection which the plaintiff offered to prove. It may be that any such prior collisions were so unlike this accident that they provide no relevant evidence that the crossing was dangerous and unsafe. It will be for the District Court after hearing plaintiff's offer of proof on this question to determine whether or not the information concerning prior accidents would permit the jury to draw a reasonable inference that the crossing was dangerous and unsafe.

### V.

Since this case will be tried a second time, we note that the District Judge did

not, as the plaintiff claims, abuse his discretion in refusing to permit plaintiff's expert witness to testify that he believed the crossing was "extra hazardous." Although Rule 704 of the Federal Rules of Evidence states that opinion testimony is not objectionable because it embraces an ultimate issue in the case, the trial judge has wide discretion to exclude such testimony. Advisory Committee Notes to Rule 704, 28 U.S.C.A. Rule 704. In the circumstances here, plaintiff's civil engineer was being asked for what amounted to a legal opinion as to to what constituted an "extra hazardous" crossing under Ohio law. The district judge did not abuse his discretion in excluding the expert's opinion on the ultimate issue of fact in the case.

The verdict is therefore vacated and the case remanded to the District Court for a new trial.