Ernest F. PAYNE, Jr., et al., Plaintiffs,

v.

A.O. SMITH CORPORATION, et al., Defendants.

No. C–3–81–049.

United States District Court, S.D. Ohio, W.D.

Nov. 27, 1985.

See also, 99 F.R.D. 534, 578 F.Supp. 733.

Anthony B. Pennington, Springfield, Ohio, Stanley E. Karon, St. Paul, Minn., for plaintiffs.

Robert E. Frost, Daniel R. Freytag, Columbus, Ohio, for defendant, A.O. Smith.

Richard J. Phelan, Ludwig E. Kolman, Chicago, Ill., Thomas P. Whelley, Dayton, Ohio, for defendant, Emerson Elec.

## ORDER SUSTAINING IN PART AND OVERRULING IN PART MAGISTRATE'S ORDER OVERRULING PLAINTIFFS' MOTION IN LIMINE REGARDING WILLIAM KITZES

RICE, District Judge.

This case is before the Court on Plaintiffs' objection to and appeal from the June 14, 1985 order of United States Magistrate Michael R. Merz overruling Plaintiffs' Motion in Limine. Plaintiffs' Motion in Limine sought to have the Court order that William Kitzes be permitted to testify as an expert in the area of safety analysis. Specifically, the motion sought to have the Court order that Mr. Kitzes would be permitted to give testimony to:

(1) Identify factual elements in performing a safety analysis of a particular product as mandated by the Rules of the CPSC [Consumer Product Safety Commission]. Identify the weight that should properly be given each element of hazard analysis and the method of determining whether a product recall should be conducted as required by CPSC Rules.

(2) Compare the facts of the instant case to the CPSA [Consumer Product Safety Act] rule requirements and render an opinion that a product recall should have

been performed by Defendants in the mid 1970's.

(3) Identify factual elements in performing a safety analysis of a particular product utilizing the accepted principles of safety analysis. Identify the weights that should properly be given each element of hazard analysis and the method of determining whether a product recall should be conducted.

(4) Compare the facts of the instant case to the accepted principles of safety analysis and render an opinion that a product recall should have been performed by Defendants in the mid 1970's. (Doc. # 215, pp. 3–4).

Judge Merz concluded that Mr. Kitzes' testimony would function only to define and to interpret CPSC rules, and therefore he would be giving legal opinions as to the meaning of those rules and Defendants' alleged violation of them. On this basis, Judge Merz ruled that Mr. Kitzes' testimony would be improper opinion testimony on the law of the forum, and accordingly overruled Plaintiffs' Motion in Limine.

The Court agrees with Judge Merz's conclusion that the Federal Rules of Evidence do not permit expert testimony as to matters of law, and that areas 1 and 2 of Mr. Kitzes' proposed testimony consist only of matters of law. However, the Court finds that areas 3 and 4 of the proposed testimony contain questions of fact upon which expert testimony is permissible. Therefore, Judge Merz's order is sustained insofar as it relates to areas 1 and 2 of the proposed testimony, but overruled insofar as it precludes testimony as to matter of fact under areas 3 and 4.

I. *Sustaining Exclusion of Testimony Related to CPSC Rules.*

Plaintiffs' first and second areas of proposed testimony for Mr. Kitzes involve testimony as to safety analyses performed under the rules of the Consumer Product Safety Commission: identification of the factual elements in performing a safety analysis under the rules, the weight assigned to each element, the method of de-

termining when a recall should be conducted, and whether Defendants' product should have been recalled. Such testimony would amount to no more than a discussion of the CPSC rules that govern the safety analysis and recall process. Since these rules provide the legal standard for the claims based on the Consumer Product Safety Act, testimony of Mr. Kitzes in this area would be no more than opinion testimony on issues of law.

Plaintiff argues that Mr. Kitzes' testimony would not be limited to issues of law because it would relate to the agency's interpretive rules, rather than to the CPSA itself. It is true that an agency's interpretive rules do not have binding legal effect outside of the agency. But this limitation of binding effect is not relevant to the question of whether an interpretive rule is a rule of law. Plaintiffs' own Complaint (Doc. # 176, at ¶ IV, X) and this Court's previous decision (Doc. # 173) have found the CPSC rules create legal rights that support a private cause of action. In such an action, the CPSC rules are rules of law, and testimony thereon would be testimony as to the applicable law.

■ ■ Judge Merz's discussion of the prohibition of expert opinions on the law of the forum needs little amplification. The law of the Sixth Circuit plainly prohibits such testimony. *See United States v. Zipkin,* 729 F.2d 384, 386 (6th Cir.1984); *Stoler v. Penn Central Transportation Co.,* 583 F.2d 896 (6th Cir.1978). Thus, Mr. Kitzes' expert testimony as to the rules and procedure of the CPSC must be excluded.

Plaintiffs' own arguments reinforce this conclusion. Plaintiffs argue that absent such testimony, an elaborate jury instruction outlining the relevant CPSC rules will be required. Plaintiffs' Reply (Doc. # 263) at ¶ 3. This is true. But it is true only because the Court, not a witness, may instruct the jury as to the applicable law in this action. Plaintiffs' argument that the jury instructions might be simplified by Mr. Kitzes' testimony only indicates that this testimony would concern matters of law rather than of fact. The Court cannot ab-

dicate its role as finder of law in this or any other case. It, therefore, cannot permit such expert testimony, but must do its utmost to explain the law of the case to the jury through its instructions.

## II. *Overruling Exclusion of Testimony Related to Other Safety Analysis Claims.*

█ Plaintiffs' third and fourth areas of proposed testimony for Mr. Kitzes involve how a safety analysis is performed under the accepted principles of safety analysis, and whether under such an analysis Defendants should have performed a product recall. Since accepted principles of safety analysis are not matters of law as are the CPSC rules, and since it appears that Mr. Kitzes' testimony on these principles could be useful to the jury's consideration of this case, Mr. Kitzes will be permitted to testify in the Plaintiffs' proposed areas 3 and 4.

Plaintiffs' Amended Complaint (Doc. # 176) bases its first count in part upon "defendants' failure to recall said product. . . ." Expert testimony regarding the accepted principles a manufacturer would use in deciding when a product should be recalled is necessary for the jury to determine if the Defendants were negligent in this respect. This testimony differs from testimony as to the CPSC rules since it concerns industry practices, not statute-authorized promulgations of legal standards. Thus under Rule 702, such testimony is appropriate and likely to "assist the trier of fact . . . to determine a fact in issue. . . ."

Further, the testimony Plaintiffs indicates Mr. Kitzes would give will be of sufficiently probative value to outweigh any "confusion of the issues or misleading the jury . . ." so as to not exclude its admission under Rule 403. Evidence of standards by which to measure Defendants' alleged negligence in failing to recall their product is central to one of the Plaintiffs' claims. Any confusion caused to the jury by the overlap of industrial standards of safety analysis with the CPSC rules can be minimized by jury instruction that distinguish the two separate causes of action and inform the jury of the proper basis for decision in each. Since evidence of the industry's accepted standards for safety analysis is essential to the jury's resolution of the negligence issue, and since confusion of the jury can be minimized by proper instruction, Rule 403 does not require exclusion of Mr. Kitzes' testimony.

█ Finally, based upon information provided by Plaintiffs' counsel subsequent to Judge Merz's decision, the Court finds that Mr. Kitzes qualifies as an expert witness under Rule 702. Plaintiffs' Supplemental Memorandum Regarding William Kitzes' Qualifications (Doc. # 268) indicates that Mr. Kitzes is listed in the Directory of the Certified Product Safety Managers of the Board of Certified Product Safety Management of Bethesda, Maryland, and indicates that membership in the organization requires professional product safety experience and successful completion of examination by a board of examiners. Mr. Kitzes has had practical experience in this field in his work with the CPSC. The Court is, therefore, satisfied that Mr. Kitzes is qualified as an expert as required by Rule 702 by his knowledge and experience. Defendants may, however, present any further challenges to Mr. Kitzes' qualifications in voir dire at trial.

The Court, therefore, finds that expert testimony regarding accepted principles of safety analysis goes to issues of fact rather than of law, that such evidence is sufficiently probative to be admissible, and that Mr. Kitzes is sufficiently qualified as an expert to give such testimony. Thus, to the extent Judge Merz's order bars such testimony, it is overruled.