HICKS et al., Appellants,

v.

CONSOLIDATED RAIL CORPORATION et al., Appellees.

[Cite as *Hicks v. Consol. Rail Corp.* (1993), 92 Ohio App.3d 636.]

Court of Appeals of Ohio,
Clermont County.

No. CA93–03–018.

Decided Sept. 13, 1993.

*Clark, Perdue, Roberts & Scott* and *Paul O. Scott;  Schulman, Mestel & Burick* and *Allen Schulman, Jr.,* for appellants.

*Dinsmore & Shohl, Gary D. Bullock* and *Steven H. Ray,* for appellees.

WALSH, Judge.

This case involves a collision between a train and an automobile at a railroad crossing.  Plaintiffs-appellants, Society National Association, guardian of the estate of Kimberly Anne Hicks, and Clyde Hicks, Kimberly's father, appeal an order of the Clermont County Court of Common Pleas granting summary judgment in favor of defendants-appellees, Consolidated Rail Corporation ("Conrail"), Edward Brown, and Richard Barton.  Appellants argue that several genuine issues of material fact exist regarding the comparative negligence of the parties and the proximate cause of Kimberly's injuries, and therefore summary judgment was improper.

On April 1, 1990, at approximately 8:00 p.m., an automobile driven by Theresa Hicks ("Hicks"), Kimberly's mother, was struck by a Conrail train operated by

Edward Brown and Richard Barton. The collision occurred at a railroad grade crossing located at State Route 4 in Mechanicsburg, Champaign County, Ohio. As a result of the accident, Kimberly, a two-year-old child who was a passenger in the vehicle, was severely injured. As guardian of Kimberly's estate, Society National Association filed a personal injury action on December 5, 1991 against appellees. Clyde Hicks also filed an action on that same date to recover damages for the loss of the care and services of his child, as well as damages for medical expenses.

Appellants allege, *inter alia*, that the accident occurred because of Conrail's negligence in maintaining a dangerous and extra-hazardous railroad crossing and its failure to exercise ordinary care. Appellees filed an answer denying appellants' allegations and, as an affirmative defense, alleged that Hicks' negligence was the sole and proximate cause of the accident. Appellees also filed a third-party complaint against Hicks, claiming that they were entitled to either indemnification or contribution from Hicks for any judgment against them. Hicks subsequently filed a counterclaim. Blue Cross and Blue Shield Mutual of Ohio intervened to assert its subrogation interest with respect to Kimberly's medical expenses.[1]

On December 8, 1992, appellees filed a motion for summary judgment seeking the dismissal of appellants' claims. The trial court was subsequently provided with pleadings, depositions, affidavits, photographs and memoranda for and against summary judgment. On February 16, 1992, the trial court granted summary judgment in favor of appellees. The trial court held that Hicks' negligence was the sole and proximate cause of the collision and that appellees did not violate the duty of ordinary care that they owed to Kimberly.

From the trial court's decision, appellants have filed this timely appeal. The crux of appellants' eleven assignments of error is that the court erred in granting Conrail's motion for summary judgment. Under Civ.R. 56(C), summary judgment shall be rendered when there is no genuine issue as to any material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds could come to but one conclusion, that conclusion being adverse to the party against whom the motion is made. The evidence must be construed most strongly in favor of the nonmoving party. *Bostic v. Connor* (1988), 37 Ohio St.3d 144, 146, 524 N.E.2d 881, 883–884, citing *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47.

---

1. The claims of Theresa Hicks and Blue Cross have been stayed pending the result of this appeal. Thus, neither Hicks nor Blue Cross is a party to this appeal.

■ We turn first to appellants' second assignment of error, which asserts that the trial court erred in finding no genuine issue of material fact as to whether Conrail's failure to remove obstructive vegetation constituted negligence and proximately caused the accident and Kimberly's injuries. Appellants contend that Conrail failed to remove growing vegetation on its right-of-way, in violation of Ohio law, which constituted negligence *per se.*

The Revised Code imposes an obligation upon a railroad to remove obstructive vegetation at crossings. R.C. 4955.36 provides, in pertinent part:

"Every railroad company shall destroy or remove plants, trees, brush, or other obstructive vegetation upon its right-of-way, at each intersection with a public road or highway, for a distance of six hundred feet or a reasonably safe distance from the roadway of such public road or highway as shall be determined by the public utilities commission * * *."

Additionally, R.C. 4955.20 requires a railroad company to maintain a safe railroad crossing.

■ If, from photographs of the accident site, a jury might reasonably conclude that the crossing was so obstructed by trees and bushes that it was more dangerous than the usual rural crossing, there is sufficient evidence on the question of whether the crossing was extra-hazardous to permit that issue to go to the jury. *Stoler v. Penn Cent. Transp. Co.* (C.A.6, 1978), 583 F.2d 896, 898. *Stoler* involved a nighttime collision between a freight train and a car at a rural railroad crossing. Three photographs showed three daytime views looking from the road toward the tracks in the same direction as the car was traveling. Two photographs from one hundred thirty-five feet north of the tracks showed that the view of the tracks to the east was partially obstructed by trees and bushes. *Id.* at 897. The court found that trees and shrubbery along the railroad might have prevented the motorist from seeing the oncoming locomotive until it was too late to avoid the accident. Because reasonable minds could have concluded that the crossing was so obstructed by trees and bushes as to render it more dangerous than the usual rural crossing, the court held that there was sufficient evidence on this question to permit the issue to go to the jury. *Id.* at 898. Accordingly, the court vacated the verdict of the trial court and remanded the case for a new trial. *Id.* at 899.

Appellants argue that dense vegetation existed near the crossing obstructed Hicks' view of the oncoming train. In support of their argument, appellants rely on photographs of the accident site, which appear to show that from a point on the highway approximately seventy to one hundred seventy feet south of the crossing, the view of the tracks to the east is partially obscured by trees.

Moreover, several witnesses testified in depositions that dense vegetation located near the railroad crossing may have contributed to the accident. Michael Fender, trainmaster for Conrail, testified that it was his opinion that a section of trees located on the south side of the railroad tracks did obscure the Route 4 crossing in Mechanicsburg. Fender further stated that it was not until a motorist reached the cross-buck signs that the vegetation no longer obstructed the view of the crossing.

Dr. William Berg, a professor of civil engineering and an expert on railroad highway grade crossing safety, testified at his deposition that if trees had not obstructed the view of the railroad tracks, Hicks would have had additional time to perceive and react to the oncoming train. Berg stated that given Hicks' speed (approximately fifty m.p.h.), and the train's speed, she needed to be at least three hundred forty feet from the railroad crossing to bring her vehicle to a stop short of the crossing, and thus avoid the collision. After reviewing the photographs of the accident scene and the testimony of several witnesses, Berg stated that the oncoming train was not visible from this distance.

Based upon the above evidence, the trial court held that the only evidence before it indicated that the trainmen could clearly see the approaching cars and that the driver, Hicks, failed to look for the oncoming train. Accordingly, Hicks' negligence was the sole proximate cause of the collision. Upon a review of the record, it is our view that the court erred.

As in the *Stoler* case, the case at bar involves a nighttime collision between a train and a car at a rural crossing. As in the *Stoler* case, photographs of the accident site illustrate that trees and shrubbery along the railroad might have prevented Hicks from seeing the oncoming train until it was too late to avoid the collision. Several witnesses testified that trees and vegetation located near the railroad crossing and in the railroad right-of-way did obstruct the motorist's view of the crossing and of the oncoming train. Construing the evidence most strongly in favor of appellants, we find that reasonable minds could differ as to whether the vegetation along the railroad crossing might have obstructed Hicks' view of the crossing and the oncoming train and contributed to the accident.

Additionally, assuming *arguendo* that Hicks was negligent, such negligence does not automatically bar appellants' claims. If genuine issues of material fact exist as to the comparative negligence of the parties and as to the proximate cause of Kimberly's injuries, the case should be submitted to the jury. *Keister v. Park Centre Lanes* (1981), 3 Ohio App.3d 19, 3 OBR 20, 443 N.E.2d 532. The negligence of a driver cannot be imputed to an infant passenger. Any negligence attributable to Conrail proximately causing injuries to Kimberly would still warrant recovery because the infant passenger was not negligent.

Upon consideration of all the evidence, we find that reasonable minds could differ as to whether appellees' conduct proximately caused Kimberly's injuries. The record shows that vegetation and trees located on the railroad right-of-way may have prevented Hicks from seeing the oncoming train. Moreover, Conrail's conduct in letting trees grow on its right-of-way, instead of removing them in compliance with R.C. 4955.36, may have constituted negligence. Similarly, if Conrail knew or should have known that this particular crossing was especially dangerous, then its failure to take appropriate safety measures may have constituted negligence. *Stoler, supra,* 583 F.2d at 898. Accordingly, questions of fact regarding Conrail's negligence and whether it proximately caused or contributed to the injuries exist for a jury to consider.

Appellants' second assignment of error is well taken and is sustained. Appellants' remaining assignments of error are rendered moot by the ruling on the second assignment, and are therefore overruled. App.R. 12(A)(1)(c).

Having determined that summary judgment was improperly granted in favor of appellees, we reverse the judgment of the trial court and remand the instant matter to the lower court for further proceedings in a manner consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

WILLIAM W. YOUNG, J., concurs.

JONES, P.J., dissents.

JONES, Presiding Judge, dissenting.

I dissent. The negligence of Theresa Hicks was the sole cause of the collision and the resulting injuries to her daughter. She was driving at night on a wet road approaching a railroad track she had crossed some three hundred times. She was proceeding at a speed of fifty to fifty-five m.p.h. while the train's speed was twenty-six m.p.h. The train bell was ringing and the train's whistle had been sounded in two sequences and continued to blow through the crossing. The locomotive headlight was on bright. Since the Hicks vehicle was clearly visible to the engineer, the locomotive must have also been clearly visible to Hicks had she looked. Approximately eight hundred feet prior to reaching the crossing, Hicks passed an advance warning sign, but she did not slow her speed. She then drove over a crossing warning painted on the highway, but did not decrease her speed. She finally saw the locomotive headlight, braked momentarily, but released her brakes when she thought she could beat the train. She braked again but skidded past the cross-buck sign and the stop bar painted on the roadway, striking the locomotive.

Hicks ignored four warnings on the highway and three on the train, whistle, bell, and light. Such was the sole proximate cause of the collision. She failed to slow down and failed to look and listen. In *Zuments v. Baltimore & Ohio RR. Co.* (1971), 27 Ohio St.2d 71, 72, 56 O.O.2d 40, 41, 271 N.E.2d 813, 814, the Supreme Court held:

"The driver of a motor vehicle about to pass over a railroad grade crossing on a public highway is required both to look and to listen for approaching trains and the looking and listening must be at such time and place and in such manner as to be effective for that purpose."

There was no legitimate issue of fact regarding possible negligence on the part of Conrail.

Appellants' experts suggest that Conrail was negligent in maintaining an extrahazardous crossing. In spite of such opinions, however, the warnings provided by Conrail fully complied with and exceeded the statutory requirements set forth in R.C. 4955.33.

"A railroad is under 'no duty to provide extra-statutory warnings at a grade crossing, where such warnings are not required by any order of the Public Utilities Commission, if there is no substantial risk that a driver in the exercise of ordinary care may be unable to avoid colliding with a train that is being operated over the crossing in compliance with statutory requirements.' *Hood v. New York, Chicago & St. Louis RR. Co.* (1957), 166 Ohio St. 529, 3 O.O.2d 12, 144 N.E.2d 104, paragraph six of the syllabus. There is no evidence in the record that the Public Utilities Commission found the crossing to be so dangerous as to require additional protective devices, and we are not persuaded that there was a substantial risk that [the driver], in exercising ordinary care and faced with the existing warnings, would have been unable to avoid colliding with the * * * train." *Glick v. Marler* (1992), 82 Ohio App.3d 752, 757–758, 613 N.E.2d 254, 258; *Cox v. Consol. Rail Corp.* (Aug. 28, 1989), Butler App. No. CA89–02–030, unreported, at 7–8, 1989 WL 99314.

Common Pleas Judge Walker correctly concluded that the actions of Theresa Hicks, in operating her vehicle, constituted the sole proximate cause of the collision, and Conrail was entitled to judgment as a matter of law.