Plaintiff-appellant, Steven Dickerson, appeals the decision of the Butler County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Frank W. Kirk. We affirm.
Appellant had been an employee of Marathon Oil Company since 1980 as a truck driver delivering bulk fuel oil. Appellant stated that over the fourteen year period preceding December 4, 1994, appellant had delivered fuel to Kirk approximately fifty to seventy-five times, the most recent occasion being one or two weeks prior to December 4, 1994. On December 4, 1994, appellant made a delivery to Kirk using the same procedure he had used for the preceding fourteen years. When delivering the fuel, appellant would climb a set of metal steps to the top of Kirk's storage tanks to measure the level of oil remaining in the tanks. Between the bottom metal step and the ground was a gap of approximately two feet. Several concrete blocks were arranged below the bottom metal step to create two additional steps, filling the two-foot gap.
Appellant stated that he had used the same steps, including the concrete blocks, without incident, for the past fourteen years. Further, appellant had never commented to Kirk or expressed any concern over the safety of the steps, nor had Kirk received any complaints from anyone else regarding the steps. However, on December 4, 1996, as appellant descended the steps from the top of the tanks, his left foot slipped on one of the concrete blocks and the block shifted. Appellant fell to the ground, injuring his back.
Appellant brought a complaint in the Butler County Court of Common Pleas seeking recovery for his injuries. On February 20, 1998, Kirk moved for summary judgment. On April 13, 1998, appellant filed a memorandum in oppostion to Kirk's motion for summary judgment along with an affidavit and report from appellant's expert, Thomas R. Huston, Ph.D., P.E. In its opinion and order filed August 6, 1998, the trial court granted Kirk's motion for summary judgment, finding that Kirk owed no duty to appellant since Kirk was without notice of any defective condition of the steps. Appellant filed this appeal raising the following assignment of error:
 THE TRIAL COURT ERRED IN GRANTING APPELLEES' MOTION FOR SUMMARY JUDGMENT.
Pursuant to Civ.R. 56(C) summary judgment is appropriate where, (1) there is no genuine issue as to any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion is made, that party being entitled to have the evidence construed most strongly in their favor. Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66. The party moving for summary judgment has the burden to show that no genuine issue of material fact exists. Id. This court reviews the trial court's decision to grant summary judgment de novo. Jones v.Shelly Co. (1995), 106 Ohio App.3d 440, 445.
It is well-settled that in order to establish negligence in a premises liability case, one must show the existence of a duty, a breach of that duty, causation, and damages.Jeffers v. Olexo (1989), 43 Ohio St.3d 140, 142. It is not disputed that appellant's legal status while on Kirk's property was that of an invitee.[1] Under Ohio law, a landowner owes a duty to invitees "requiring that the premises be kept in a reasonably safe condition, and that warning be given of dangers of which he has knowledge." Eicher v. United States Steel Corp.
(1987), 32 Ohio St.3d 248, 249. However, the landowner "is under no duty to protect business invitees from dangers 'which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them.' " Paschal v. Rite AidPharmacy, Inc. (1985), 18 Ohio St.3d 203, 204, quoting Sidle v.Humphrey (1968), 13 Ohio St.2d 45. In addition, "where negligence revolves around the question of the existence of a hazard or defect, the legal principle prevails that notice, either actual or constructive,[2] of such hazard or defect is a prerequisite to the duty of reasonable care." Wright v. GoshenTwp. (June 9, 1997), Clermont App. No. CA96-11-100, unreported, at 7, quoting Hechert v. Patrick (1984), 15 Ohio St.3d 402,405.
The existence of a duty depends upon the foreseeability of the injury. Menifee v. Ohio Welding Products, Inc. (1984),15 Ohio St.3d 75, 77. An injury is foreseeable when a reasonably prudent person would have anticipated that an injury was likely to result from the performance or nonperformance of an act.Mussivand v. David (1989), 45 Ohio St.3d 314, 320-21, citingFreeman v. United States (C.A.6, 1975), 509 F.2d 626. The foreseeability of harm usually depends on the defendant's knowledge. Menifee at 77.
Thus, under Menifee and Wright, to impose a duty upon Kirk, appellant must show that Kirk had knowledge that injury was likely to result from the configuration of the concrete blocks. The facts of this case, even when construed in a light most favorable to appellant, do not support such a finding. These same concrete blocks have been in place for over fourteen years; appellant has used these steps on at least fifty prior occasions without incident and without complaint; in addition, Kirk has received no complaints from any other person regarding the steps. Under these circumstances, the trial court correctly found that Kirk had no notice of any hazardous condition and thus, no duty arose. We further note that under the reasoning in Paschal, no duty existed to protect appellant where the condition was known to appellant. Here, appellant was well aware of the condition of the steps which he had used on at least fifty prior occasions.
Appellant also argues that " [a] genuine issue of material fact exists sufficient to overcome a motion for summary judgment by premises owner when an engineering expert expresses the opinion that a foreseeable fall hazard existed." Appellant's expert concluded in his report that a foreseeable fall hazard was created by the use of the concrete blocks at the foot of the steps, and that the hazard was exacerbated by the fact that the handrail did not extend to the two concrete block steps.
Although appellant insists that Huston's opinion creates an issue of fact, it is apparent that appellant, through his expert, seeks to impose a legal duty upon Kirk. The existence of a duty in a negligence case is a question of law to be determined by the court. Mussivand, 45 Ohio St.3d at 318. The fact that Huston stated these opinions does not impose a legal duty upon appellant. See Sikorski v. Link Elec. SafetyControl (1997), 117 Ohio App.3d 822, 831. Expert testimony regarding matters of law is not appropriate because the court may not abdicate its role as finder of law. Sikorski at 831, citing Payne v. A.O. Smith Corp. (S.D.Ohio 1985),627 F. Supp. 226, 228-29. As such, the trial court was correct in stating that "an expert's opinions cannot create a duty where no such duty exists."
We find that summary judgment for Kirk was appropriate because appellant failed to establish a prima facie case against Kirk on the element of duty. Primarily, Kirk lacked the requisite notice of a hazardous condition, and further, Kirk owed no duty to protect appellant from a condition with which appellant was well acquainted. In addition, Huston's affidavits did not establish a genuine issue of any material fact, and we find that appellant has failed to meet his burden under Civ.R. 56(E) to "set forth specific facts showing that there is a genuine issue for trial." Appellant's assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and KOEHLER, J., concur.
[1] A business invitee is a person who comes upon the premises of another by invitation, express or implied, for some purpose which is beneficial to the owner of the premises. Scheibel v.Lipton (1951), 156 Ohio St. 308, paragraph one of the syllabus.
[2] Constructive knowledge exists if "such nuisance existed in such a manner that it could or should have been discovered, that it existed for a sufficient length of time to have been discovered, and that if it had been discovered it would have created a reasonable apprehension of a potential danger * * *."Franks v. Lopez (1994), 69 Ohio St.3d 345, 349, quoting Beebev. Toledo (1958), 168 Ohio St. 203.