Nᴏʀᴛʜ, Aᴘᴘᴇʟʟᴇᴇ, *v.* Pᴇɴɴꜱʏʟᴠᴀɴɪᴀ Rᴅ. Co. ᴇᴛ ᴀʟ., Aᴘᴘᴇʟʟᴀɴᴛꜱ.

(No. 40128—Decided March 22, 1967.)

*Mr. William S. Georges,* for appellee.

*Messrs. Amerman, Burt, Shadrach, McHenry & Jones, Messrs. Hart & Hart* and *Mr. Ian Bruce Hart, Jr.,* for appellants.

BROWN, J. The motion to certify was allowed not because the case involved any new or novel question of negligence law but because of this court's interest in seeing the summary-judgment procedures used effectively. The summary-judgment statute (Section 2311.041, Revised Code) was enacted with a view to eliminating from the backlog of cases which clog our courts awaiting jury trials those in which no genuine issue of fact exists. The availability of this procedure and the desirability of its aims are so apparent that its use should be encouraged in proper cases.

With this in mind, appellate courts reviewing orders allowing motions for summary judgment should require the appellant, upon whom the duty of demonstrating prejudicial error rests, to define with great specificity the area in which a factual dispute exists, and this court should review as of public or great general interest doubtful reversals in this area. It would facilitate review in this area if Courts of Appeals when reversing orders granting summary judgment would state in the entry of reversal the specific material facts concerning which a dispute exists requiring reversal.

There are many Ohio Supreme Court cases defining the duty of persons approaching railroad grade crossings. The syllabus in *Boles* v. *Baltimore & Ohio Rd. Co.*, 168 Ohio St. 551, states:

"The driver of a motor vehicle, about to pass over a railroad grade crossing on a public street, must exercise his senses of sight and hearing to discover whether trains are also about to pass over such crossing, and such exercise of the senses must

be made at such time and place as to be effective for the purpose. (*Detroit, Toledo & Ironton Rd. Co.* v. *Rohrs*, 114 Ohio St. 493, and *Patton* v. *Pennsylvania Rd. Co.*, 136 Ohio St. 159, approved and followed.)''

Hence, the plaintiff's duty in this case was a duty separate and apart from his duty to keep his car under control so as to be able to stop within the assured clear distance ahead. The plaintiff's failure under the circumstances of this case to observe that an engine was about to enter his path was, under this court's holding in *Boles* v. *Baltimore & Ohio Rd. Co.*, *supra*, the proximate cause of the collision and the plaintiff's injuries. Whether the train entered the plaintiff's line of travel so as to cut down his assured clear distance in this case was immaterial; so also was the effect of obstructions to the plaintiff's view on property adjacent to the highway.

If the physical conditions in proximity to the track were as contended by plaintiff in his petition, such matters served only to require the exercise of greater care in accordance with the conditions. *Baltimore & Ohio Rd. Co.* v. *McClellan, Admx.*, 69 Ohio St. 142; *Toledo Terminal Rd. Co.* v. *Hughes*, 115 Ohio St. 562; *Pennsylvania Rd. Co.* v. *Rusyuik*, 117 Ohio St. 530.

The judgment of the Court of Appeals is reversed, and the judgment of the Court of Common Pleas granting summary judgment is affirmed.

*Judgment reversed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT and SCHNEIDER, JJ., concur.