71

ZUMENTS, EXRX., APPELLANT, *v.* BALTIMORE & OHIO RD. CO., APPELLEE.

(No. 70-603—Decided June 30, 1971.)

*Mr. George E. Darmstatter*, for appellant.
*Mr. Alva W. Bachman, Messrs. Shumaker, Loop & Kendrick* and *Mr. Charles W. Peckinpaugh, Jr.*, for appellee.

*Per Curiam.* Plaintiff's decedent, Dr. Nikolajs Zuments, was killed in a grade-crossing collision on February 5, 1965, while driving north on state route No. 69 in Wood County. Defendant's employees were operating two engines in a southwesterly direction along a single railroad track at the crossing of the railroad tracks and route No. 69. The motor vehicle and the front engine collided, causing plaintiff's decedent's death. The case was tried to a jury in the Common Pleas Court. The jury returned a verdict for plaintiff and judgment was entered upon the verdict. Two members of the Court of Appeals reversed the jury's verdict and entered final judgment for the defendant.

The concurring members of the Court of Appeals found that, as a matter of law, plaintiff's decedent failed to effectively look and listen for approaching trains as he entered the crossing, and that the decedent's conduct was the proximate cause of the collision.

This appeal was admitted for review upon the allowance of a motion by this court to certify the record, primarily on the question raised by appellant whether the

judgment of the Court of Appeals was one involving the weight of the evidence and thus requiring a unanimous concurrence of all three members of the Court of Appeals who heard the case.

The driver of a motor vehicle about to pass over a railroad grade crossing on a public highway is required both to look and to listen for approaching trains, and the looking and listening must be at such time and place and in such manner as to be effective for that purpose. Where the uncontrovertible physical facts demonstrate that plaintiff's decedent did not so do, then such failure on his part was a proximate cause of the collision as a matter of law. *North* v. *Pennsylvania Rd. Co.* (1967), 9 Ohio St. 2d 169; *Boles* v. *Baltimore & Ohio Rd. Co.* (1959), 168 Ohio St. 551.

We conclude that the Court of Appeals properly found that the decedent was negligent as a matter of law and that such negligence was a proximate cause of the collision. Thus, the Court of Appeals reversal was not on the weight of the evidence and therefore the constitutional provision (Section 3[B], Article IV), that the Court of Appeals can reverse judgments on the weight of the evidence only by a concurrence of all three members of the court, is not applicable.

A review of the entire record indicates that reasonable minds, by the proper application of the law governing this case, could come to only one conclusion, and that conclusion is adverse to plaintiff's claim. *Hamden Lodge* v. *Ohio Fuel Gas Co.* (1934), 127 Ohio St. 469.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, DUNCAN, CORRIGAN, STERN and LEACH, JJ., concur.