TOLLIVER, APPELLANT, *v.* CONSOLIDATED RAIL CORPORATION, APPELLEE.

[Cite as Tolliver *v.* Consolidated Rail Corp. (1984), 11 Ohio St. 3d 56.]

(No. 83-292—Decided May 23, 1984.)

*Mr. William W. Lamkin* and *Mr. Byron Vickery,* for appellant.

*Messrs. Dagger, Johnston, Ogilvie, Charles & Hampson, Mr. Steven S. Nelson* and *Mr. Alphonse P. Cincione,* for appellee.

*Per Curiam.* The primary issue presented in this appeal is whether the appellate court erred in vacating the jury verdict and instead directing a verdict for appellee. This court unanimously concludes that the court of appeals did err, and thus we reverse and reinstate the verdict for appellant.

A motion for directed verdict should only be granted when, after construing the evidence produced at trial most strongly in favor of the non-moving

party, the court finds that reasonable minds can come to but one conclusion, that being for the moving party. Civ. R. 50(A)(4). A directed verdict was improperly ordered by the court of appeals in this case since reasonable minds could differ on the issue of contributory negligence.

In *Zuments* v. *B. & O. RR. Co.* (1971), 27 Ohio St. 2d 71, 72 [56 O.O.2d 40], this court set forth the duty of a motor vehicle operator when a railroad crossing is approached:

"The driver of a motor vehicle about to pass over a railroad grade crossing on a public highway is required both to look and listen for approaching trains, and the looking and listening must be at such time and place and in such manner as to be effective for that purpose. Where the uncontrovertible physical facts demonstrate that plaintiff's decedent did not so do, then such failure on his part was a proximate cause of the collision as a matter of law. *North* v. *Pennsylvania Rd. Co.* (1967), 9 Ohio St. 2d 169 [38 O.O.2d 410]; *Boles* v. *B. & O. Rd. Co.* (1959), 168 Ohio St. 551 [7 O.O.2d 427]."

This duty was wrongly interpreted by the court of appeals herein as establishing contributory negligence on the automobile driver's part as a matter of law *once a collision occurs.* The appellate court reasoned that the "uncontrovertible physical facts" demonstrate appellant's breach of the duty set forth in *Zuments, supra,* since, had appellant looked and listened at the crossing *effectively,* the accident would not have occurred. This strict analysis is not established by the applicable case law. Further, the facts in *Zuments* are readily distinguishable from those in the case at bar.

Numerous witnesses at the trial of this matter testified as to the presence of a severe visual obstruction at the crossing site, *i.e.,* heavy vegetation. The jury, in answering interrogatories, specifically found that the approaching train was not plainly visible to appellant. In *Zuments,* no mention is made of any visual obstruction at the crossing site. In this regard, the present case is closer to *Biery* v. *Pennsylvania RR. Co.* (1951), 156 Ohio St. 75 [45 O.O. 70], where this court held, under the facts of that case, that the presence of visual obstructions, *inter alia,* at the crossing site *precluded* a finding of contributory negligence as a matter of law on the driver's part.

The "uncontrovertible physical facts" of this case do not establish appellant's contributory negligence. Due to the presence of the visual obstruction, reasonable minds could differ as to whether appellant acted prudently when he attempted to cross the tracks. The issue was within the province of the jury, which specifically found no contributory negligence. The court of appeals improperly took this factual determination away from the jury in directing a verdict as a matter of law. *Biery, supra; Ohio Electric Ry. Co.* v. *Weingertner* (1915), 93 Ohio St. 124; *Marietta & Cincinnati RR. Co.* v. *Picksley* (1874), 24 Ohio St. 654.

We next must consider the admissibility of the testimony of Dr. Zwahlen. Dr. Zwahlen was asked at trial to render his opinion, based upon his research of the accident and upon his expert qualifications, as to whether appellant had acted as a reasonable and prudent person given the circumstances of the

accident. Over appellee's objection, his affirmative answer was admitted into evidence.

We are of the opinion that the trial judge had the discretion to admit this testimony. The jury was properly cautioned as to the disputed facts utilized in the hypothetical question posed to Dr. Zwahlen. The testimony assisted the jury in its determination, and Dr. Zwahlen was qualified to render such an opinion. Thus, Evid. R. 702 was satisfied. See, also, *McKay Machine Co.* v. *Rodman* (1967), 11 Ohio St. 2d 77 [40 O.O.2d 87]; *Shepherd* v. *Midland Mut. Life Ins. Co.* (1949), 152 Ohio St. 6 [39 O.O. 352].

Accordingly, the judgment of the court of appeals is reversed and the verdict for appellant is reinstated.

*Judgment reversed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J.P. CELEBREZZE, JJ., concur.