**Timber Line Products, Inc.**
v.
**New World Productions, Inc.**
*[Cite as 8 AOA 251]*

*Case No. 90 AP040027*
*Tuscarawas County, (5th)*
*Decided November 5, 1990*

*John L. Woodard, 121 W. 3rd Street, Dover, Ohio 44622, for Plaintiff-Appellant.*

*Richard A. Brunsman, pro se, 9973 Bay Vista Estates Blvd., Orlando, Florida 32819, for Defendants-Appellees.*

MILLIGAN, P.J.

The New Philadelphia Municipal Court granted summary judgment for appellee on the grounds that as an officer of the corporation, he was not personally liable for corporate acts or debt. Appellant appeals from the summary judgment:

"ASSIGNMENT OF ERROR
"THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY SUSTAINING MOTION FOR SUMMARY JUDGMENT AS TO RICHARD A. BRUNSMAN FOR THE REASON THAT THERE IS ISSUE OF MATERIAL FACT."

Appellant is a toy distributor. New World, an insolvent and inoperative corporation, was formerly in the business of conducting toy expositions. Appellee-Brunsman was president of New World. The two corporations entered into an agreement regarding a toy exposition at the I-X Center in Cleveland. Appellant paid appellee $2,000 for space rental and $100 for advertisements in connection with the toy exposition. Two days before the exposition, the show was cancelled. Appellant's money has not been refunded. Appellant sued both the corporation and appellee Brunsman. The trial court rendered judgment against the corporation for $2,100 and granted appellee Brunsman's motion for summary judgment. This appeal is only concerns the summary judgment for appellee Brunsman personally.

The original complaint was filed against the corporate entity and alleges breach of contract.

On November 14, 1989, an amended complaint was filed joining Brunsman (Burnsman) personally and purporting to make a claim against the individual defendant sounding in fraud and misrepresentation. The second cause of action alleges that

Brunsman "misrepresented to this plaintiff that a show would be conducted and that the plaintiff's money would be refunded." He further alleges that defendant misrepresented the financial condition of the corporation knowing it to be insolvent; that he personally removed funds from the corporation creating insolvency; that corporate insolvency is a result of mismanagement by the individual defendant; and that he is now operating a new business under the name of Vantage Productions, Inc.

The corporate defendant filed no answer.

The individual defendant filed an alternative summary judgment motion supported by affidavit.

In his affidavit, movant states, *inter alia*, that he was the president of the corporation, he did not personally sign any of the contracts with plaintiffs, the contracts were corporate contracts, and he did not make any false statements, oral or written to plaintiffs. He further states that he did not negotiate or make any representations of any sort to any of the plaintiffs concerning the contract and did not conceal any material facts, did not authorize any agent to the corporation to make false statements or representation, did not mislead any of the plaintiffs, did not make any statements relating to refunds or the conduct of the exposition, and did not make any statements related to the financial condition of the corporation. Finally he states that he did not remove any funds personally from the corporation creating insolvency and all of his actions were taken in his official capacity.

Appellee Brunsman failed to appear for a deposition.

Carolyn Hawk filed an affidavit stating, *inter alia,* that she is president of plaintiff corporation, that prior to the date of the contract (July 16, 1987), defendant, Richard A. Brunsman, "with full knowledge that the corporation was insolvent, was not able financially to promote a luxury toys expo to be held at the International Exposition Center in Cleveland, Ohio, for four days for the reason that he did not have $10,000 deposit to be made with the exposition hall nor could he comply with certain other regulations, such as insurance policy and a floor plan." Further, that defendant Brunsman represented that he had complied with all regulations and requirements of the expo as a result

of which plaintiff entered into the July 16, 1987, contract and paid the consideration of $2,100. Further, "plaintiff relied upon the false representation of said defendant and proceeded to make arrangements for an exhibit" prior to receipt of communication that the show had been cancelled.

Hawk further claims that Brunsman was acting in a fiduciary capacity by receiving monies from exhibitors to be held for deposit or refund if the show did not proceed.

"A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."

Civ. R. 56.

Upon our examination of the pleadings, particularly the second cause of action of the amended complaint, and the evidentiary supplications, construed most favorably to the plaintiff as required by Civ. R. 56, we cannot conclude that the contract was not induced by fraud practiced by the individual defendant.

It is clear that a corporate officer or employee can be liable for damages resulting from fraudulent personal conduct, not withstanding the ultimate contract was executed between his principal and the complaining third party promisee.

"The defrauded person may hold either the principal or the agent or both, especially if they have conspired together to commit the fraud. Judgment without satisfaction against one cannot be pleaded in bar by the other." 51. O. Jur. 3d, Fraud and Deceit, Sec. 173, p.29.

Consistent with the mandate of *North v. Pennsylvania Railroad* (1967), 9 Ohio St. 2d 169, 224 N.E. 2d 757, we identify the genuine issue of material fact to be:

Did Defendant Richard. A. Brunsman, prior to July 16, 1987, make false representations to plaintiff that a show would be conducted pursuant to the terms of the contract, he then knowing that no show would be so conducted? Did said defendant falsely misrepresent the financial condition of the corporate defendant, inducing the plaintiff to execute the contract? Did plaintiff rely upon false representations in entering into the contract?

For the aforesaid reason, we sustain the single assignment of error and remand this cause to the New Philadelphia Municipal Court for further proceedings upon the second cause of action of plaintiff's complaint.

SMART, J., and GWIN, J., concur.