RUNYON, APPELLEE, *v.* BRIGGS & STRATTON CORPORATION ET AL.,
APPELLANTS.

[Cite as Runyon *v.* Briggs & Stratton Corp. (1990), 55 Ohio St. 3d 603.]

(No. 89-1149—Submitted September 25, 1990—Decided November 14, 1990.)

*Sindell, Lowe & Guidubaldi Co., L.P.A., James A. Lowe, Alvarene N. Owens Co., L.P.A.,* and *Alvarene N. Owens,* for appellee.

*Freund, Freeze & Arnold, Gordon D. Arnold* and *Lisa A. Hesse,* for appellant Briggs & Stratton Corp.

*Jenks, Surdyk & Cowdrey Co., L.P.A.,* and *Thomas L. Czechowski,* for appellant Ground Hog, Inc.

*Jenks, Surdyk & Cowdrey Co., L.P.A.,* and *Christopher F. Johnson,* for appellant North Dixie Parts & Service, Inc.

This appeal is dismissed, *sua sponte,* as having been improvidently allowed.

SWEENEY, DOUGLAS, H. BROWN and RESNICK, JJ., concur.

MOYER, C.J., HOLMES and WRIGHT, JJ., dissent.

HOLMES, J., dissenting. I dissent, in that this case should not have been determined to be improvidently allowed for review. I do so upon the basis that such dismissal of this appeal allows to stand an incorrect determination of the law by the court of appeals pertaining to one of the issues presented upon appeal, and that is the legal reasonableness of the dismissal of the motion for summary judgment of a manufacturer of a component part where defects to the product are introduced by third parties, and where the component parts are not defective or are not dangerous in and of themselves, and where such manufacturer is not responsible for the design and manufacture of the entire system.

Summary judgment may be properly regarded not as a disfavored procedural shortcut but, rather, is an integral part of the Civil Rules as a whole which are designed to secure a just, speedy and inexpensive determination in an appropriate action. *Celotex Corp.* v. *Catrett* (1986), 477 U.S. 317, 327. Contrary to the suggestion of the court of appeals here, summary judgment should not be disfavored. Rather, its use may be encouraged to avoid frivolous litigation. *North* v. *Penn. Rd. Co.* (1967), 9 Ohio St. 2d 169, 38 O.O. 2d 410, 224 N.E. 2d 757.

Here, the motion for summary judgment of Briggs & Stratton Corporation, the component manufacturer which had not been a part of, or responsible for, the total design of the auger occasioning the injury, and whose component part, the engine, was not shown to be defective, or dangerous in and of itself, was properly dismissed by the trial court, and such dismissal should have been affirmed by the court of appeals.

MOYER, C.J., and WRIGHT, J., concur in the foregoing dissenting opinion.