**CAPITAL SATELLITE SYSTEMS, INC., d.b.a. Capital Cable, Appellant,**

v.

**OHIO EDISON CO. et al., Appellees.**

[Cite as *Capital Satellite Sys., Inc. v. Ohio Edison Co.* (1993), 82 Ohio App.3d 725.]

Court of Appeals of Ohio,
Stark County.

No. CA–9097.

Decided Feb. 8, 1993.

*Robert W. Blakemore* and *Frances J. Yates,* for appellant.

*Daniel M. Mills, Richard G. Reichel, David M. Bridenstine* and *Michael J. Karson,* for appellees.

Smart, Presiding Judge.

This is an appeal from the summary judgment of the Court of Common Pleas of Stark County, Ohio, entered in favor of defendants-appellees Ohio Edison Company ("Ohio Edison"), Massillon Cable TV, Inc. ("Massillon Cable") and the Ohio Bell Telephone Co. ("Ohio Bell"), and against plaintiff-appellant Capital Satellite Systems, Inc., d.b.a. Capital Cable ("Capital Cable").

Capital Cable has failed to comply with our Loc.App.R. 4(D) which provides:

"Where a summary judgment is appealed, a statement on a separate page following the assignments of error, declaring whether the claim is that the judgment is inappropriate on the undisputed facts or that a genuine dispute exists as to a material fact or facts, coupled with a separate statement of the specific fact issue or issues claimed in the trial court to have been material and genuinely disputed. (See *North v. Pa. Ry. Co.* [1967], 9 Ohio St.2d 169 [38 O.O.2d 410, 224 N.E.2d 757], syll. 2).

"Appending clear copies will suffice as to A, B, and C above.

"Appellant's failure to comply with these rules (Appellate Rule 16 or this local rule) is failure to prosecute the appeal for which dismissal may be entered sua sponte. Appellee's failure to comply with Appellate Rule 16(E) may sua sponte be treated as a failure to file a brief invoking the provisions of Appellate Rule 18(C)."

Failure to comply is grounds for dismissal for failure to prosecute the appeal. However, we will address this appeal on its merits. It appears that Capital Cable asserts the judgment was inappropriate because there were material facts and genuine dispute.

The trial court's judgment outlines the following facts, which Capital Cable apparently does not challenge. Capital Cable entered into a cable franchise agreement with the Board of Trustees of Tuscarawas Township, seeking to construct a CATV system within unincorporated areas of the township pursuant to the franchise agreement. Construction of a CATV system for cable television requires that the cable be attached to the poles belonging to public

utility companies. Massillon Cable has operated a cable television system in Tuscarawas Township since 1975. Massillon Cable entered into licensing agreements with Ohio Edison and Ohio Bell, which agreements permitted Massillon Cable to attach its cables to Ohio Edison's and Ohio Bell's utility poles. Massillon Cable does not have a franchise agreement with Tuscarawas Township Trustees. Capital Cable sought to prevent Massillon Cable from attaching its cables to utility poles in Tuscarawas Township. Capital Cable filed suit in Stark County Common Pleas Court, but later voluntarily dismissed it. Capital Cable then filed a complaint before the Public Utilities Commission of Ohio ("PUCO"). The PUCO dismissed Capital Cable's complaint, and Capital Cable then again sought relief in the common pleas court.

Capital Cable assigns two errors to the trial court:

"I. The trial court erred in dismissing appellant's complaint against appellee utility companies for lack of subject matter jurisdiction.

"II. The trial court erred in dismissing appellant's complaint against appellee Massillon Cable TV when appellant demonstrated genuine issues of material fact in its claims against said appellee."

I

The trial court found that the PUCO has exclusive jurisdiction to hear claims against Ohio Edison and Ohio Bell relative to the terms and conditions governing CATV pole attachments to the utility poles.

R.C. 4905.71(B) states in pertinent part:

"The public utilities commission shall regulate the justness and reasonableness of the charges, terms, and conditions contained in any such tariff, and may, upon complaint of any persons in which it appears that reasonable grounds for complaint are stated, or upon its own initiative, investigate such charges, terms, and conditions and conduct a hearing to establish just and reasonable charges, terms, and conditions, and to resolve any controversy which may arise among the parties as to such attachment."

In *Kazmaier Supermarkets, Inc. v. Toledo Edison Co.* (1991), 61 Ohio St.3d 147, 573 N.E.2d 655, the Supreme Court of Ohio opined that R.C. Title 49 is a comprehensive scheme that expresses the intention of the General Assembly that the PUCO has sole jurisdiction in these cases. *Id.* at 151, 573 N.E.2d at 658–659.

We find on authority of R.C. 4905.71(B), and *Kazmaier, supra,* that the trial court was correct in holding that it lacked jurisdiction to hear Capital Cable's claims against Ohio Edison and Ohio Bell.

The first assignment of error is overruled.

## II

Civ.R. 56(C) states in pertinent part:

"Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."

The trial court should not enter a summary judgment if it appears that a material fact is genuinely disputed. Nor should summary judgment be granted if, construing the allegations most favorably toward the nonmovant, reasonable minds could draw different conclusions from the undisputed facts. *Hounshell v. Am. States Ins. Co.* (1981), 67 Ohio St.2d 427, 433, 21 O.O.3d 267, 270–271, 424 N.E.2d 311, 314–315.

R.C. 505.91 states in pertinent part:

"A board of township trustees, or an agent designated by the board, may enter into a contract with a cable television company with respect to the establishment or operation of a cable television system in the unincorporated area of the township if the area proposed to be served by the cable television company includes at least five hundred potential subscribers.

" * * *

"This section and sections 505.90 and 505.92 of the Revised Code do not apply to any cable television system which is distributing signals to paying subscribers in the unincorporated area of a township prior to October 1, 1979, except that a township which had a written agreement with a cable television company prior to that date may enter into a contract pursuant to this section and sections 505.90 and 505.92 of the Revised Code on substantially the same terms as the prior written agreement. This section and sections 505.90 and 505.92 of the Revised Code shall not be interpreted to be a legislative determination that any contract entered into prior to the effective date of these sections is invalid or unenforceable."

Capital Cable agrees that Massillon Cable was distributing signals into Tuscarawas Township prior to October 1, 1979. Capital Cable urges, however, that the record does not demonstrate that Massillon Cable sent its signals only into unincorporated portions of the Township at that time.

In the recent case of *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, the Ohio Supreme Court held in paragraph three of the syllabus:

"A motion for summary judgment forces the nonmoving party to produce evidence on any issue for which that party bears the burden of production at trial. (*Celotex v. Catrett* [1986], 477 U.S. 317 [106 S.Ct. 2548, 91 L.Ed.2d 265], approved and followed.)"

We find that Capital Cable had the burden of production of evidence that R.C. 505.91 does not apply, in order to establish its cause of action against Massillon Cable. For this reason, we hold that the trial court did not err in granting summary judgment in favor of Massillon Cable as a matter law.

The second assignment of error is overruled.

For the forgoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.

*Judgment affirmed.*

PUTMAN and WILLIAM B. HOFFMAN, JJ., concur.