DAVIDSON, Appellant,

v.

CSX TRANSPORTATION, Appellee.

[Cite as *Davidson v. CSX Transp.* (1993), 91 Ohio App.3d 27.]

Court of Appeals of Ohio,
Medina County.

No. 2169–M.

Decided Oct. 6, 1993.

28

*Dean R. Wagner,* for appellant.

*K.R. Aughenbaugh,* for appellee.

REECE, Judge.

Plaintiff-appellant, Renee M. Davidson, filed a complaint alleging she was injured due to the negligence of the defendant-appellee CSX Transportation

("CSX"). The trial court granted CSX's motion for summary judgment, finding that both statutory and common law considerations barred Davidson's claim. We affirm.

On December 4, 1989, Davidson was driving east on State Route 162 in Medina County. Davidson was traveling from her aunt's home to her place of employment, a route she traveled at least once a week. As Davidson approached the train crossing she observed a train; however, she was unable to stop before she collided with the train's second engine. The skid marks left by Davidson's automobile tires were one hundred eighty-four feet in length. A crossbuck, a yellow warning disc and other road markings were in place to warn of the approaching railroad intersection. Davidson does not recall how far she or the train was from the intersection when she first noticed the train. A CSX crewman stated that he sounded two longs, one short and then a long horn when the train approached the intersection. However, Davidson did not remember hearing the horn. At the time of the accident, she was driving with her window cracked and the heater and radio on.

Davidson filed her action for personal injuries, alleging that they were caused by the negligence of CSX and Terry Lubdan, the train's engineer. The trial court granted CSX's motion for summary judgment and Davidson appeals, raising one assignment of error[1]:

"The trial court erred in granting summary judgment in favor of appellee where genuine issues of material fact exist, and appellee has not shown that it is entitled to judgment as a matter of law. These issues should have properly been submitted for jury determination."

A motion for summary judgment is properly granted if the trial court finds:

"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274; see, also, *Delker v. Ohio Edison Co.* (1989), 47 Ohio App.3d 1, 2, 546 N.E.2d 975, 976.

The dispute must be "material" in that the facts involved have the potential to affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.* (1986), 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 211–212. The

---

1. After this appeal was filed, the trial court granted Lubdan's motion for summary judgment, which was not appealed.

issue to be tried must also be "genuine" allowing reasonable minds to return a verdict for the nonmoving party. *Id.* at 248–252, 106 S.Ct. at 2510–2512, 91 L.Ed.2d at 211–214. The Supreme Court of Ohio has recognized that "[a] motion for summary judgment forces the nonmoving party to produce evidence on any issue for which that party bears the burden of production at trial." (Citation omitted.) *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, paragraph three of the syllabus. However, the burden of establishing the appropriateness of summary judgment is on the moving party. *Hamlin v. McAlpin Co.* (1964), 175 Ohio St. 517, 26 O.O.2d 206, 196 N.E.2d 781, paragraph two of the syllabus; *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801–802.

The trial court found that Davidson violated R.C. 4511.62(A)(5) and that her actions were the proximate cause of the accident. R.C. 4511.62(A)(5) provides:

"Whenever any person driving a vehicle * * * approaches a railroad grade crossing under any of the circumstances stated in this section, he shall stop within fifty feet but not less than fifteen feet from the nearest rail of the railroad, and shall not proceed until he can do so safely. The foregoing requirements shall apply when:

" * * * *

"(5) An approaching train is plainly visible and is in hazardous proximity to the crossing."

The Ohio Supreme Court elaborated on this duty in *Zuments v. Baltimore & Ohio RR. Co.* (1971), 27 Ohio St.2d 71, 72, 56 O.O.2d 40, 40, 271 N.E.2d 813, 814, stating that:

"The driver of a motor vehicle about to pass over a railroad grade crossing on a public highway is required both to look and to listen for approaching trains, and the looking and listening must be at such time and place and in such manner as to be effective for that purpose. Where the uncontrovertible physical facts demonstrate that [plaintiff] did not so do, then such failure on his part was a proximate cause of the collision as a matter of law. * * * *"

Davidson asserts that the train was not "plainly visible" because her view was obstructed by brush. However, other courts have held that a driver owes a greater duty to exercise caution to discover danger when natural conditions affect his ability to view the train. *Osburn v. Norfolk & Western Ry. Co.* (1990), 68 Ohio App.3d 85, 91, 587 N.E.2d 433, 437, appeals dismissed (1990), 54 Ohio St.3d 701, 560 N.E.2d 1318, and, 54 Ohio St.3d 711, 561 N.E.2d 947; *North v. Pennsylvania RR. Co.* (1967), 9 Ohio St.2d 169, 172, 38 O.O.2d 410, 411–412, 224 N.E.2d 757, 760. In *North* the obstruction to the automobile driver's view was an

accumulation of brush, as Davidson claims obstructed her view. Further, Davidson was familiar with this route and should have known of any hazard created by an accumulation of brush.

Davidson was not able to recall how far she was from the crossing when she first viewed the train. However, the uncontrovertible physical evidence was that she saw the train at least one hundred eighty-four feet from the intersection as she left skid marks of this length on the road. Trains have been held to be plainly visible at 2:00 a.m. on a foggy night, *State v. Miller* (Dec. 10, 1991), Holmes App. No. CA–437, unreported, 1991 WL 271686, and when a driver had an unobstructed view of the train one hundred ten feet from the train crossing, *Cox v. Consol. Rail Corp.* (Aug. 28, 1989), Butler App. No. CA 89–02–030, unreported, 1989 WL 99314. In this case the accident occurred during the day and the train must have been visible to Davidson at least one hundred eighty-four feet from the train crossing, based on the skid marks. Considering this evidence, reasonable minds could only conclude that Davidson violated R.C. 4511.62(A)(5) by not stopping before she reached the tracks when a train was plainly visible.

R.C. 4511.62(A)(5) also requires that a train be in hazardous proximity to a crossing before an automobile's driver is required to stop. In *Norfolk & Western Ry. Co. v. Aero Trucking* (Jan. 30, 1987), Marion App. No. 9–84–52, unreported, 1987 WL 5849, the court held that "the train would obviously have been in plain view and obviously in a hazardous proximity to the crossing as evidenced by the collision." We agree that a collision gives rise to an inference of hazardous proximity; this inference is certainly appropriate when the plaintiff produces no evidence showing the train was not in hazardous proximity to the crossing.

Once it is found that the plaintiff violated a statutory duty, generally it is also necessary to consider whether the train operator was negligent. *Barger v. Chesapeake & Ohio Ry. Co.* (1990), 70 Ohio App.3d 307, 314, 590 N.E.2d 1369, 1373. However, if the physical facts establish that a driver did not effectively "look and listen" for an approaching train and a collision occurs, the driver is the proximate cause of the accident and his claim is barred. *Id.; Zuments, supra.*

In this case, we have already determined that the train was "plainly visible" within the meaning of R.C. 4511.62(A)(5). Those same considerations support the trial court's conclusion that Davidson did not adequately look and listen for the train. The train crossing was clearly marked and Davidson was aware of its existence because she was familiar with the road she was traveling. If her view of the train was obstructed, she owed a greater duty to proceed with caution. *Osborn* and *North, supra.* The trial court also found that the train sounded two long, one short and one long warning on its horn as it approached

the intersection. Davidson claims she did not hear this horn. However, at the time of the accident she had her heater and radio on and her window was "cracked." Thus, we cannot say that Davidson effectively listened for the train. Further, she appears to have seen the train when she was one hundred eighty-four feet from the intersection but was unable to stop. Reasonable minds could only find that Davidson violated her duty to look and listen. Accordingly, Davidson's assignment of error is overruled.

The trial court's judgment is affirmed.

*Judgment affirmed.*

COOK, P.J., and BAIRD, J., concur.