[Cite as *State v. Corrigan*, 2012-Ohio-5970.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2012-CA-00046 |
| DEBRA J. CORRIGAN | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Criminal appeal from the Licking County
                             Municipal Court, Case No. 2012TRD02774

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      December 14, 2012

APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

TRICIA M. MOORE                     MATTHEW M. BANAL
Newark Law Director's Office        6805 Oak Creek Drive
40 West Main Street                 Columbus, OH 43229
Newark, OH 40355

*Gwin, P.J.*

{¶1}    Appellant Debra J. Corrigan ["Corrigan"] appeals her conviction after a bench trial in the Licking County Municipal Court on one count of stopping at grade crossings, a minor misdemeanor in violation of R.C. 4511.63(A).

### Facts and Procedural History

{¶2}    Ohio State Patrol Trooper Robert Franks issued a traffic citation to Debra J. Corrigan for a violation of R.C.  4511.63(A) on March 14, 2012.

{¶3}    A trial on the matter was conducted on April 27, 2012 during which the following testimony was presented.

{¶4}    Debra J. Corrigan was employed as a bus driver for the North Fork Local Schools in Utica, Ohio. Her supervisor in the Transportation Department was Charles Dale Broseus. Broseus alleged that in the months prior to March 14, 2012, he received complaints regarding Corrigan failing to follow the school bus procedures for railroad crossings, as outlined in Ohio Adm. Code 3301-83-12. He also asked the St. Louisville Police and Trooper Robert Franks of the Ohio State Highway Patrol to watch Corrigan, and any other bus drivers, for railroad crossing violations on Locks Road and Dog Hollow Road near St. Louisville, Ohio.

{¶5}    After one of Corrigan's co-workers at North Fork Local Schools began clandestinely videotaping her railroad crossings, Broseus and Trooper Franks began hiding their vehicles and observing buses crossing the railroad tracks at the Dog Hollow Road location. Soon after, they observed the school bus operated by Corrigan approaching the railroad tracks. Broseus testified that he observed the bus driven by Corrigan approach the railroad crossing briefly stop, open the right door approximately

half way, and then close immediately, and cross the tracks in one motion lasting less than two seconds. Trooper Franks testified that he observed the bus approach tracks, slow down, open the door halfway, immediately shut the door and crossed the tracks. The trooper testified, "With that quick of a motion, I don't see how you could look and perceive any danger on the track... as soon as the door went open, it went shut." Trooper Franks testified that there were children on the bus and that the railroad crossing is not marked with flashing lights or a gate. Trooper Franks pursued the school bus and executed a traffic stop. He issued her a traffic ticket for a violation of R.C. 4511.63(A), stopping at grade crossings.

{¶6} At the close of evidence, the trial judge found Corrigan guilty of the violation under R.C. 4511.63(A), a minor misdemeanor. He levied a $100.00 fine plus court costs, and signed a corresponding judgment entry that same day.

### *Assignments of Error*

{¶7} Corrigan raises two assignments of error,

{¶8} "I. THE TRIAL COURT ERRED IN DEFINING "DUE CARE" IN § 4511.63(A) OF THE REVISED CODE IN ACCORDANCE WITH THE UNAFFILIATED § 3301-83-12 OF THE OHIO ADMINISTRATIVE CODE, AND USING SUCH ERRONEOUS DEFINITION AS A BASIS FOR CONVICTION.

{¶9} "II. THE TRIAL COURT ERRED IN IGNORING A MISTAKE OF LAW THAT WOULD HAVE ENTITLED DEBRA CORRIGAN TO ACQUITTAL."

### *Analysis*

{¶10} Corrigan's first and second assignments of error raise common and interrelated issues; therefore, we will address the arguments together.

{¶11} Corrigan's arguments focus on the "due care" required of her under 4511.63(A).

{¶12} R.C. 4511.63 provides, in relevant part,

(A) Except as provided in division (B) of this section, the operator of any bus, any school vehicle, or any vehicle transporting a material or materials required to be placarded under 49 C.F.R. Parts 100-185, before crossing at grade any track of a railroad, shall stop the vehicle and, while so stopped, shall listen through an open door or open window and look in both directions along the track for any approaching train, and for signals indicating the approach of a train, and shall proceed only upon exercising due care after stopping, looking, and listening as required by this section. Upon proceeding, the operator of such a vehicle shall cross only in a gear that will ensure there will be no necessity for changing gears while traversing the crossing and shall not shift gears while crossing the tracks.

(B) This section does not apply at grade crossings when the public utilities commission has authorized and approved an exempt crossing as provided in this division.

* * *

{¶13} In the case at bar, the trial court made the following findings on the record at the conclusion of Corrigan's bench trial,

I think the crux of the matter comes down to...the due care provision of the statue... 45110.6 or I'm sorry, 4511.63...requires that the operator of any bus, school vehicle or vehicle transporting material,

materials, etcetera, before crossing a grade, any track, or railroad shall stop the vehicle and while so stopped, shall listen through an open door or window, and look in both directions along the track for any approaching train, for signal indicating an approach of a train, and shall proceed only upon exercising due care after stopping, looking, and listening as required by this section. Um, then it talks about going over without shifting gears, that's not at issue here. So, really the crux of the matter is whether or not the actions taken by Ms. Corrigan constitute due care and the Court thinks it's entirely appropriate to look to the Ohio Administrative Code as to what guidance we look for or what procedures we look for as far as exercising the due care. That gets into the more detailed information and testimony that Mr. Broseus gave um, but it talks about setting a parking brake, shifting to neutral, um, things of that nature, which clearly would have been impossible based upon the testimony that we heard here today. I'm not finding that she is guilty of not setting the parking brake or anything like that, um; because frankly, I think had she come to a complete stop, not put it in neutral or anything like that, and sat there for five seconds and looked both ways she's probably not guilty of the statue, but *based upon the testimony that the Court heard today that, you know, basically it was uh, stop of a very brief duration that the doors barely opened. I believe the testimony was half way at most uh, and that uh, that the, they immediately closed and the bus proceeded uh, that evidence is sufficient to prove beyond a reasonable doubt the lack of the exercise of due care that is*

*required by the statue.* So on that basis I'm going to go ahead and enter a Guilty finding. (Emphasis added).

**{¶14}** Ohio law gives the right of way to trains, *see, e.g., New York, Chicago & St. Louis Rwy. Co.,* 66 Ohio St. 326, 335, 64 N.E. 130 (1902), and places the primary burden of avoiding grade crossing collisions on motorists. *Woodworth v. New York Central R. Co.,* 149 Ohio St. 543, 549–50, 80 N.E.2d 142 (1948). The Ohio Supreme Court elaborated on this duty in *Zuments v. Baltimore & Ohio RR. Co.*, 27 Ohio St.2d 71, 72, 271 N.E.2d 813, 814(1971), stating that:

> The driver of a motor vehicle about to pass over a railroad grade crossing on a public highway is required both to look and to listen for approaching trains, and the looking and listening must be at such time and place and in such manner as to be effective for that purpose.

*Accord*, *Boles v. Baltimore & Ohio Rd. Co.*, 168 Ohio St. 551, 156 N.E.2d 735(1959); *North v. Pennsylvania R. Co.,* 9 Ohio St.2d 169, 224 N.E.2d 757(1967). The "looking and listening must be at such time and place and in such manner as will be effective to accomplish the ends designed thereby." *Pennsylvania R. Co. v. Rusynik*, 117 Ohio St. 530, 159 N.E. 826 (1927). *Accord, Detroit, Toledo & Ironton R. Co. v. Rohrs,* 114 Ohio St. 493, 151 N.E. 714 (1926); *Toledo Terminal R. Co. v. Hughes*, 115 Ohio St. 562, 154 N.E. 916(1926); *Patton v. Pennsylvania R. Co.*, 136 Ohio St. 159, 24 N.E.2d 597(1939). R.C. 1.49(D) allows courts to consider laws upon same or similar subjects when determining intent.

**{¶15}** The following testimony supports the trial court's decision. Charles Dale Broseus testified,

> I saw the bus pull up to the railroad tracks, the door open and close all in one motion, and go across the tracks. It was less than two seconds in my opinion...The stop, the door opening and closing was all in one swift motion.

(T. 8; 9). Trooper Robert Franks testified,

> Um, I observed a school bus coming a crossed [sic.] the tracks um, as the bus got to the tracks it did slow down. The doors opens [sic.], but immediately went shut. Um, if I had to, I'm not familiar with how wide a bus opening should be, if I was to estimate how far I thought it was open, if at all, it went half way open, and immediately shut...Uh, just the lack of stopping and looking for a train. Uh, that quick of a motion, I don't see how you could look and perceive any danger on the track.
>
> (T. at 16).

**{¶16}** Simply going through minimal motions does not equate to due care. The statute directed that Corrigan "shall stop the [school bus] and, while so stopped, shall listen through an open door or open window and look in both directions along the track for any approaching train, and for signals indicating the approach of a train, and shall proceed only upon exercising due care after stopping, looking, and listening." Statues such as R.C. 4511.63 are obviously enacted in the interest of children traveling in school busses, and not for the protection of the driver. *Cf. Kline v. Pennsylvania R. Co.,* 9 F.2d 290 (6th Cir 1925).

{¶17} When reviewing the sufficiency of the evidence, our inquiry focuses primarily upon the adequacy of the evidence; that is, whether the evidence, if believed, reasonably could support a finding of guilt beyond a reasonable doubt. See *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541, 546. From the uncontroverted facts of the record, we find sufficient credible evidence to support the finding that Corrigan failed to exercise due care as required pursuant to R.C. 4511.63(A).

{¶18} Viewing this evidence in a light most favorable to the prosecution, we conclude that a reasonable person could have found beyond a reasonable doubt that Corrigan had committed the crime of vehicles required to stop at grade crossings in violation of R.C. 4511.63(A). We hold, therefore, that the state met its burden of production regarding each element of the crime and, accordingly, there was sufficient evidence that Corrigan failed to exercise due care as required pursuant to R.C. 4511.63(A) to support Corrigan's conviction.

{¶19} After reviewing the evidence, we cannot say that this is one of the exceptional cases where the evidence weighs heavily against the conviction. The trier of fact did not create a manifest injustice by concluding that Corrigan was guilty of the crime charged.

{¶20} Corrigan's first and second assignments of error are overruled.

**{¶21}** The judgment of the Licking County Municipal Court is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Farmer, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. SHEILA G. FARMER

WSG:clw 1203

[Cite as *State v. Corrigan*, 2012-Ohio-5970.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                           :
                                        :
                Plaintiff-Appellee      :
                                        :
                                        :
-vs-                                    :        JUDGMENT ENTRY
                                        :
DEBRA J. CORRIGAN                       :
                                        :
                                        :
                Defendant-Appellant     :        CASE NO. 2012-CA-00046


        For the reasons stated in our accompanying Memorandum-Opinion, the judgment of

the Licking County Municipal Court is affirmed.  Costs to appellant.




                                        _____
                                        HON. W. SCOTT GWIN



                                        _____
                                        HON. WILLIAM B. HOFFMAN



                                        _____
                                        HON. SHEILA G. FARMER