Appellant Lillian Knox is appealing the decision of the Tuscarawas County Court of Common Pleas that granted summary judgment on behalf of Appellee Bag-N-Save Foods. The following facts give rise to this appeal.
On December 2, 1994, as appellant entered Bag-N-Save Foods, with the assistance of a walker, the automatic door slid shut on her. The left side of the automatic door hit appellant's walker causing her to lose her balance and fall to the ground. On December 2, 1996, appellant filed a complaint setting forth claims for negligence and loss of consortium.
On June 24, 1998, Appellee Bag-N-Save Foods filed a motion for summary judgment. The trial court granted the motion for summary judgment on August 3, 1998. Appellant timely filed her notice of appeal and sets forth the following assignment of error for our consideration:
 I. THE TRIAL COURT ERRED WHEN IT DID NOT APPLY THE DOCTRINE OF RES IPSA LOQUITOR TO THIS OCCURRENCE. IT IS ERROR FOR THE TRIAL COURT TO GRANT SUMMARY JUDGMENT TO THE DEFENDANT/APPELLEE HEREIN WHERE THIS INSTRUMENTALITY (THE AUTOMATIC DOORS), IN THE EXCLUSIVE CONTROL OF DEFENDANT/APPELLEE, WAS THE UNDISPUTED CAUSE OF PLAINTIFF/APPELLANT'S INJURIES.
 Summary Judgment Standard
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc.
(1987), 30 Ohio St.3d 35, 36. As such, we must refer to Civ.R. 56 which provides, in pertinent part:
 Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, citingDresher v. Burt (1996), 75 Ohio St.3d 280.
It is based upon this standard that we review appellant's sole assignment of error.
 I
Appellant contends the trial court erred when it refused to apply the doctrine of res ipsa loquitor to the case sub judice.
We disagree.
However, prior to addressing the merits of this appeal, we address appellee's argument that this matter should be dismissed due to appellant's failure to comply with Loc.App.R. 9(A)(4). This rule provides:
 (4) Where a summary judgment is appealed, a statement on a separate page following the assignments of error, declaring whether the claim is that the judgment is inappropriate as a matter of law on the undisputed facts or that a genuine dispute exists as to a material fact or facts, coupled with a separate statement of the specific fact issue or issues claimed in the trial court to have been material and genuinely disputed. See North v. Pa. Ry. Co., 9 Ohio St.2d 169, 224 N.E.2d 757, syllabus 2.
Loc.App.R. 5(C) states that failure to comply with all the provisions of Loc.App.R. 9 is grounds for dismissal sua sponte.
Although appellant did not comply with Loc.App.R. 9(A)(4), we will proceed to address the merits of this appeal as appellee did not file a motion to dismiss the appeal because appellant failed to comply with Loc.App.R. 9(A)(4). Further, appellant's failure to comply with Loc.App.R. 9(A)(4) did not preclude appellee from addressing the issue appellant raises on appeal.
On review of appellant's brief, we find appellant maintains a genuine dispute exists as to material facts concerning how the accident occurred and whether appellee had exclusive management and control of the automatic doors. The doctrine ofres ipsa loquitor is a rule of evidence. Glowacki v. The NorthWestern Ohio Ry Power Co. (1927), 116 Ohio St. 451, paragraph one of the syllabus. It shifts the burden of proof of negligence when the facts pertaining to the existence of negligence are exclusively within the knowledge of the defendant because of the defendant's exclusive control of the environment. Kemper v. Builder's Square, Inc. (1996), 109 Ohio App.3d 127,137. In the case of Hake v. Wiedemann Brewing Co.
(1970), 23 Ohio St.2d 65, 66-67, the Ohio Supreme Court explained when the doctrine should be applied:
 To warrant application of the rule a plaintiff must adduce evidence in support of two conclusions: (1) that the instrumentality causing the injury was, at the time of the injury, or at the time of the creation of the condition causing the injury, under the exclusive management and control of the defendant; and (2) that the injury occurred under such circumstances that in the ordinary course of events it would not have occurred if ordinary care had been observed. * * * Whether sufficient evidence has been adduced at trial to warrant application of the rule is a question of law to be determined initially by the trial court, subject to review upon appeal.
It is imperative to establish the first element of exclusive management and control because this permits the inference that it was the defendant who was negligent. Jennings Buick, Inc. v.Cincinnati (1980), 63 Ohio St.2d 167, 170-171. We find appellant did not establish the automatic door was in the exclusive management and control of Bag-N-Save Foods. It is the individual patrons of the store that control the operation of the automatic door by entering and exiting the store. Accordingly, any patron could have had contact with the automatic door in such a manner as to cause it to malfunction. In her response to appellee's motion for summary judgment, appellant submitted her affidavit in which she states she does not know why the automatic door closed on her as she was entering the store. Appellant does not submit any evidence to support the conclusion that at the time of the accident, the automatic door was in the exclusive management and control of Bag-N-Save Foods.
Having failed to meet the first requirement necessary to apply the doctrine of res ipsa loquitor, we will not address the second requirement concerning the lack of ordinary care. The trial court properly granted summary judgment on behalf of Appellee Bag-N-Save Foods.
Appellant's assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Tuscarawas County, Ohio, is hereby affirmed.
By: Wise, P. J., Farmer, J., concurs. Hoffman, J., concurs separately.
--------------------
--------------------
 -------------------- JUDGES